The Louisville, Evansville and St. Louis Railroad Company v. Hart.

No. 255.

## THE LOUISVILLE, EVANSVILLE AND ST. LOUIS RAILROAD COMPANY v. HART.

RAILROAD.—*Killing Stock.*—*Pleading.*—*Insufficiency of Answer.*—A complaint charged in one paragraph the wilful killing and injury of plaintiff's cattle by the servants and agents of the defendant railroad company, and charged in another paragraph the failure of the railroad company to fence its track at a point where it ought to have been fenced, resulting in the killing and injury.

*Held*, that a paragraph of answer which assumed to answer the entire complaint, but which contained nothing that could amount to a defence of the charge of wilful injury, was bad.

*Held*, also, that it was bad in assuming that the railroad company was not bound to fence its tracks through uninclosed land.

*Held*, also, that no harm could have resulted in rejecting the answer had it been good, as all the allegations of the answer were admissible under the general denial.

SAME.—*Exceptions to Duty of. Fencing.*—*Pleading.*— Where a complaint charges an injury to animals by a railroad company by reason of its failure to fence its track at a point where it ought to have been fenced, it is sufficient, without negativing the exceptions in the law to the duty to fence, as the exceptions are matters of defence.

SAME.— *Wilful Injury to Stock.*—*Pleading.*—In an action against a railroad company for killing stock, a complaint which charges that the company, by its servants, purposely and wilfully ran its locomotive engine and train upon and against the plaintiff's cattle, thereby killing and injuring them, is sufficiently specific.

SAME.—*Fencing Track.*—*Liability for Animals Killed.*—*Acts of April 8th and 13th, 1885.*—The acts of April 8th and 13th, 1885, relating to the fencing of railroad rights of way, do not assume to remove the pre-existing liability of railroad corporations for the failure to fence their roads, and except so far as farm crossings and gates are concerned, the liability of railroad companies for injuring animals on account of the unfenced condition of the track, remains as it was before said acts of 1885 were passed.

SAME.—*Negligence.*—*Evidence.*—In an action for an injury to animals by a railroad company, where a witness testifies that the whistle of the engine was not sounded for a highway crossing near the place of the injury, he may also be permitted to state that his attention was particularly called to the omission by an inquiry by his son as to why the engine did not whistle.

SAME.—In an action against a railroad company for killing plaintiff's cattle, it appeared that the plaintiff had driven them over a private road

The Louisville, Evansville and St. Louis Railroad Company *v.* Hart.

upon the right of way to a highway crossing. While the cattle were being herded in the highway, about sixty-four yards from the railroad, they became frightened by the approaching train, and ran through an uninclosed and unfenced tract of land, upon the railroad track where they were killed and injured by the train.

*Held,* that the fact that the animals had been previously driven over the private road would not defeat plaintiff's right to recover.

PLEADING.—*Intentional Injury.*—An averment of the wilful and intentional commission of an act which according to nature and experience will necessarily produce a certain injury, is equivalent in civil pleading to the averment of a wilful commission of the injury.

From the Spencer Circuit Court.

*J. B. Handy, C. W. Armstrong, H. M. Logsdon, W. C. Mason, H. Kramer* and *J. B. Cockrum,* for appellant.

*S. B. Hatfield* and *J. A. Hemenway,* for appellee.

CRUMPACKER, J.— This action was brought by Hart against the railroad company to recover damages for the killing of nine head of cattle and injuring six others.

The complaint was originally in four paragraphs, and a demurrer was filed to each paragraph and overruled.

An answer consisting of two paragraphs was filed, and upon motion of the plaintiff the second paragraph was struck out.

Before the trial the first paragraph of complaint was withdrawn.

The cause was tried by a jury, and a verdict returned in favor of the plaintiff.

A motion for a new trial was filed and overruled, and judgment rendered upon the verdict.

The defendant appeals, and assigns for error:

1. The overruling of the demurrer to each paragraph of complaint.

2. Sustaining the motion to strike out the second paragraph of answer.

3. Overruling the motion for a new trial.

The second and third paragraphs of complaint are statutory causes of action, based upon the alleged failure of the

railroad company to securely fence its railroad at a point where it ought to have been fenced, and that appellee's cattle entered upon the railroad at that point and were killed and injured.

It is urged against the ruling of the court upon the demurrer to these paragraphs that they do not negative the exceptions in the law to the general duty of railroad corporations to fence their roads. This is not required, as the exceptions are matters of defence.

Where a complaint charges an injury to animals by a railroad company by reason of its failure to fence its track at a point where it ought to have been fenced, this will ordinarily be held sufficient. *Evansville, etc., R. R. Co.* v. *Tipton,* 101 Ind. 197.

There was no error in overruling the demurrer to either of these paragraphs.

It is alleged in the fourth paragraph that the company, by its servants and agents, purposely and wilfully ran its locomotive engine and train upon and against the appellee's cattle, thereby killing and injuring them.

It is insisted that this paragraph is defective because it states conclusions and not facts; that the facts connected with the injury should have been detailed so the court could have declared as a matter of law whether or not the injury was wilfully inflicted.

In the case of *Gregory* v. *Cleveland, etc., R. R. Co.,* 112 Ind. 385, the court said : " It is only necessary to charge, in a complaint which seeks redress for a wilful injury, that the injurious act was purposely and intentionally committed, with the intent wilfully and purposely to inflict the injury complained of."

While the paragraph of complaint under consideration does not expressly charge the purpose and intent to inflict the injury complained of, it does charge the wilful commission of an act which would necessarily and inevitably result in such injury.

An averment of the wilful and intentional commission of an act which according to nature and experience will necessarily produce a certain injury, is equivalent in civil pleading to the averment of a wilful commission of the injury. Measured by this rule the fourth paragraph is sufficient.

The first paragraph of answer is the general denial, and the second averred, in substance, that the appellee's cattle were driven by his servants upon and along the right of way for about a mile to a point where the adjoining land was uninclosed and unimproved, and through which the company was not required to fence its track, and when the train which inflicted the injury approached, the cattle were driven off the right of way upon such uninclosed land, where they were being herded, and at the approach of the train they became frightened and uncontrollable and escaped from their keeping and ran upon the railroad from such uninclosed land and were killed and injured as complained of.

There are a number of reasons why this special answer was insufficient. It assumed to answer the entire complaint, and it is manifest that it contains nothing which would amount to a defense of the charge of wilful injury. Then it is based upon the assumption that the company was not bound to fence its track through uninclosed lands, which is shown to be erroneous in the consideration of another question in this opinion. Besides this, the general denial put in issue the question of the company's duty to fence its road at the point where the animals entered upon it, and every other question tending to constitute a defence contained in this paragraph of answer. So no harm could have resulted in rejecting the answer had it been good. The fact that it was struck out on motion, and not disposed of by demurrer, is not material, as the correct result was reached and no injury resulted in the employment of an improper instrument, if, indeed, it were improper.

Counsel for appellant next complain of an instruction given by the court in which the jury were informed that the

law required railroad corporations to fence their roads at all places except station grounds, public highway crossings and through platted grounds within the limits of city and town corporations.

It is insisted that the instruction was erroneous because it did not include uninclosed and unimproved lands within the exceptions. It is argued against the instruction that the act of April 13th, 1885, relieves railroad companies from the duty of fencing through such lands.

That act was designed for the benefit of the adjacent land-owner, and as between him and the company, and for the purpose of forming his enclosure, the road is required to be fenced at all places not excepted by the provisions of the act. It in no manner assumes to remove the pre-existing liability of railroad corporations for the failure to fence their roads under the police regulations of the State. The acts of April 8th and 13th, 1885, compel railroad companies to construct farm crossings under certain conditions, and impose upon the adjoining land-owner, for whose benefit such crossings are constructed, the duty to keep and maintain gates erected therefor, and with this single exception the liability of railroad companies for injuring animals on account of the unfenced condition of the track remains as it was before the acts of 1885 were passed.

This subject was quite exhaustively considered in the case of *Jeffersonville, etc., R. R. Co.* v. *Dunlap,* 112 Ind. 93, wherein the court sums up as follows: "Our conclusion upon the whole case is, that, notwithstanding the act of 1885, the corporation owning the railway, and the lessees, etc., are jointly liable for the injury or killing of animals, as formerly; that the manner of commencing and prosecuting actions for the injury or death of animals, and the manner of collecting judgments obtained, are the same as formerly; and that for a failure to fence, at all places required by the prior act, railway companies are liable for the injury and death of animals as formerly, except as to farm crossings

and gates, the duty of keeping them closed having been expressly transferred by the acts of 1885, from the railway company to the land-owner."

This authority very satisfactorily disposes of the objection to the instruction.

A witness, on behalf of appellee, testified at the trial that the whistle of the engine was not sounded for a highway crossing near where the injury occurred, and he was permitted to state that his attention was particularly directed to the omission by a conversation with his son at the time, in which his son asked him why the engine did not whistle for the crossing, and the witness replied some unimportant remark. This is charged as error. We can discover no error in the admission of this evidence. A witness may be allowed to testify to the existence of any collateral fact that may tend to enable him to remember the principal fact, or strengthen his conviction of its truth. The circumstance detailed by the witness was one calculated to impress his mind with the omission of the whistle for the crossing by directing his attention especially to its absence, at the time, and for this purpose it was admissible.

The only remaining question relates to the sufficiency of the evidence to support the verdict. The principal point discussed by appellant's counsel, under this assignment, is that the evidence shows that the animals entered upon the railroad from uninclosed land. This point is disposed of in the decision of the question raised with reference to the instruction hereinbefore noticed.

A compendious statement of the facts established by the evidence is this: Appellee had a drove of twenty-eight head of cattle pasturing in an inclosure upon the north side of the railroad. The right of way along the north side of the track for the distance of about a mile, to a public highway, had been and was occasionally used as a private road. Beyond the highway crossing the land was unimproved and the railroad unfenced, and there were no wing-fences or

cattle-guards at either end of the private road upon the right of way. On the day of the accident, after all the regular trains had passed, the cattle were driven over the right of way to the highway crossing to a pool of water near the railroad, and as the approach of the train which inflicted the injury was discovered, the cattle were driven in the highway sixty-four yards from the railroad where they were being herded until the train passed. They became frightened, and escaped from their keeping, and ran through the uninclosed land upon the railroad where the injury ensued.

It is manifest that if the railroad had been fenced through the uninclosed land as it ought to have been the injury would not have occurred.

The fact that the animals had been previously driven over the private road upon the right of way can not defeat the appellee's right to recover. When the train approached they were at a safe distance from the track, in competent hands, and their previous fault, if such it were, would not absolve the company from its legal liability for its failure to do its duty.

Judgment affirmed, with costs.

REINHARD, J., took no part in the decision of this case. Filed June 24, 1891.