METLEN, Respondent, v. OREGON SHORT LINE RAIL-
ROAD COMPANY, Appellant.

(No. 2,149.)

(Submitted June 23, 1905.   Decided July 24, 1905.)

*Railroads — Killing     Livestock — Fences — Complaint — Trial
—Opening Statement—Grounds of Recovery—Waiver.*

Trial—Opening Statement—Grounds of Recovery—Waiver.
  1.  Where, in an action against a railroad company for killing live-
stock, plaintiff's counsel at the opening of the trial stated to the
court that he relied on the cause of action set out in his complaint,
relative to a defective fence, he thereby waived any other ground
for recovery mentioned in the complaint.
Railroads—Killing Livestock—Fences—Complaint.
  2.  A complaint in an action against a railroad company for the
killing of livestock, which fails to allege plaintiff's ownership or pos-
session of the land along or through which the railroad runs at the
point where the animals were killed, fails to state facts sufficient to
constitute a cause of action. (*Beaudin* v. *Oregon Short Line R. Co.,* 31
Mont. 238, 78 Pac. 303.)

*Appeal from District Court, Beaverhead County; M. H.
Parker, Judge.*

Action by David E. Metlen against the Oregon Short Line
Railroad Company. From a judgment in favor of plaintiff,
defendant appeals.   Reversed.

*Mr. John G. Willis,* for Appellant.

*Mr. Edwin Norris,* for Respondent.

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff.
The plaintiff sued the defendant for the value of livestock al-
leged to have been killed by its cars at and on the ranch of
Joseph Shineberger, near Redrock station, in Beaverhead
county, Montana; it having ''neglected and failed to maintain
a good and sufficient fence (the said place then and there being
a place where the said defendant could and had the right to

maintain a good and sufficient fence) on one side of its track and property, sufficient to prevent cattle and other domestic animals from straying and going upon the said track and railroad.'' It is alleged that the livestock on March 1, 1903, ''by reason of the omission of said defendant to then and there maintain a good and sufficient fence, without any fault or knowledge on the part of the plaintiff, strayed upon the line and track of said railroad, and were run against and killed by the locomotive and cars,'' etc.

At the opening of the trial, plaintiff stated to the court that ''he relied upon the cause of action set out in his complaint, relative to a defective fence.'' thus waiving any other ground of recovery mentioned in the complaint.

The defendant assigns that the complaint does not state facts sufficient to constitute a cause of action. For the reasons stated in the opinion in *Beaudin* v. *Oregon Short Line Railroad Co.,* 31 Mont. 238, 78 Pac. 303, relating to the law in Montana as to railroad fences, the judgment is reversed.

*Reversed.*