MILEY, RESPONDENT, *v.* NORTHERN PACIFIC RAILWAY CO., APPELLANT.

(No. 2,783.)

(Submitted March 15, 1910.    Decided March 26, 1910.)

[108 Pac. 5.]

*Railroads—Passenger and Carrier—Failure to Stop Train at Station—Statutory Penalty—Pleading and Proof.*

Supreme Court—Dismissal of Action—Jurisdiction.
  1.   The supreme court is without jurisdiction to dismiss an action brought before it on appeal; its power to dismiss actions or proceedings is confined to those commenced in the appellate court.
Special Statutes Creating New Liability—Pleading and Proof.
  2.   To enable a person to recover under a statute creating a liability where none existed before, he must not only plead facts bringing his cause of action within its purview, but prove them as alleged.
Railroads—Carriage—Special Contracts—Power to Make.
  3.   In the absence of statutory prohibition, a railway company may sell, for a reduced fare, a particular form of ticket, whereby its liability is restricted and its obligations curtailed.
Same—Transportation—Statutory Provision.
  4.   *Quaere:* Is a railway company required, under section 4330, Revised Codes, upon tender of the regular fare, to furnish a ticket to

a person desiring passage to a certain station on its line, good upon all its passenger trains running past such point?

Same—Transportation—Failure to Stop at Station—Statutory Penalty—When not Recoverable.

5. Section 4330, Revised Codes, provides that every railway company must, upon tender of the regular fare, furnish a ticket entitling the purchaser to ride to any other station on its line, etc. Plaintiff bought an excursion ticket at a reduced rate to a certain station on defendant's line and boarded a train which did not stop at the point to which her ticket called for transportation. She brought suit to recover, and recovered, the penalty of $200 provided for in the section above. *Held,* that plaintiff, having failed to pay the regular fare for her ticket, was not one of the class of persons for whose benefit the statute was enacted, and therefore could not maintain an action for the penalty provided in it.

*Appeal from District Court, Park County; Frank Henry, Judge.*

ACTION by Alta Miley against the Northern Pacific Railway Company. From a judgment for plaintiff and from an order denying it a new trial, defendant appeals. Reversed and remanded.

*Mr. Wm. Wallace, Jr., Mr. John G. Brown,* and *Mr. R. F. Gaines* submitted a brief in behalf of Appellant. *Mr. Wallace* argued the cause orally.

No appearance for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

During the month of July, 1908, the Northern Pacific Railway Company was operating a double train service over its Park branch, between Livingston and Gardiner. On that line of road, and between the regular stations at Emigrant and Electric, there is a flag station known as "Daileys." At the time in question passenger train No. 103, which left Livingston in the forenoon, did not stop at Daileys, but passenger train No. 101, which left Livingston in the afternoon, did stop at that point to let off or take on passengers. On July 4, 1908, the plaintiff purchased from the Northern Pacific ticket agent at Livingston a round-trip ticket for passage to Daileys and

return, and boarded train No. 103 for the purpose of making her journey. When the train conductor came to collect her ticket, he informed her that the train she was then on did not stop at Daileys, and she was thereupon forced to alight at Emigrant, which was the nearest station to Daileys at which the train did stop. She brought this action, and in her complaint assumes to state two causes of action: the first founded upon the defendant's common-law liability, and the second upon the provisions of section 4330 of the Revised Codes of Montana. The first cause of action seems to have been abandoned at the trial; at least the instructions given by the court only submitted to the jury the second cause of action, and upon that cause of action a verdict was returned in favor of the plaintiff for the statutory penalty of $200; and from the judgment entered on the verdict, and from an order denying it a new trial, the railway company appealed.

The respondent did not make any appearance in this court, but apparently confessed error by asking this court to dismiss the action. This motion we cannot grant. It is only an action or proceeding commenced in this court that we have any authority to dismiss under any circumstances. To dismiss the appeals would amount to an affirmance of the judgment and order, and, as there are not any grounds urged for such action, we are left to consider on the merits the questions raised, or such of them as may be necessary to a determination of the appeals.

The evidence offered by the plaintiff discloses that the ticket she purchased was an excursion ticket, issued on account of the Fourth of July holiday, and that it was sold to her for $1.20, whereas the regular round-trip fare from Livingston to Daileys was $1.80. Section 4330, Revised Codes, under which this recovery was had, reads as follows: "Every railroad corporation must provide, and on being tendered the regular rates of fare, furnish to every person desiring a passage on their passenger-cars, a ticket which entitles the purchaser to a ride, and to the accommodations provided on their cars, from the depot or sta-

tion where the same is purchased, to any other depot or station on the line of their road. Every such ticket entitles the holder thereof to ride on their passenger cars to the station or depot of destination, or any intermediate station, and from any intermediate station to the depot of destination designated in the ticket, at any time within six months thereafter. Any corporation failing so to provide and furnish tickets, or refusing the passage which the same calls for when sold, must pay to the person so refused the sum of two hundred dollars."

We do not deem it advisable to determine some of the important questions suggested by appellant's brief. This cause has not been argued for respondent, and we reserve our decision upon those questions until such time as they may arise and be fully presented. Section 4330 creates a liability, on the part of the railway company, where none existed before, and since this action was tried upon the theory of the company's liability under the statute, and not otherwise, the only question with which we need concern ourselves at this time is: Does the plaintiff make out a case entitling her to the penalty provided in that section? In *Kelly* v. *Northern Pacific Ry. Co.,* 35 Mont. 243, 88 Pac. 1009, this court said: "In order to settle the rule in this state, we decide that, where a party relies for recovery upon a special statute creating a liability where none existed before, he must set forth in ordinary and concise language a statement of facts showing his right to recover under that statute." Of course, it follows that the proof must then conform to the facts pleaded.

It will be observed that section 4330 does not absolutely require the railway company to furnish a ticket good from Livingston to Daileys upon every train running upon the Park branch; at the utmost it can only be said that it makes such requirement provided the regular fare is tendered; and, as to whether the section goes to this extent, we reserve our decision. The plaintiff did not tender or pay the regular fare. She purchased an excursion ticket for which she paid a special or reduced fare; and that, in the absence of statutory restrictions,

a railway company may for a reduced fare sell a particular form of ticket, whereby its liability is restricted and its obligations curtailed, is recognized by the authorities generally. (*Rose* v. *Northern Pacific Ry. Co.,* 35 Mont. 70, 119 Am. St. Rep. 836, 88 Pac. 767.)

Since the plaintiff insists that she is entitled to recover the penalty provided by section 4330 above, by reason of the fact that she was not permitted, by virtue of the ticket she had purchased, to ride from Livingston to Daileys and to alight at that station from the train upon which she sought carriage, she must show that she met the requirements of that section, which have to do with the passenger as distinguished from the carrier; and, as we have just observed, the first requirement is that she should have tendered the regular fare for her ticket, and this she did not do. Our Constitution (section 7, Article XV), our Codes, this court, in *Rose* v. *Northern Pacific Ry. Co.,* above, and *Brian* v. *Oregon Short Line R. Co.,* 40 Mont. 109, 105 Pac. 489, and the authorities generally, recognize the distinction between a ticket sold at the regular fare, and one sold at a reduced fare or special price. The plaintiff sought to make her journey upon train No. 103, and the trouble arose because that train would not stop at Daileys to let her off. There is evidence that she was misled by the ticket agent; but that evidence has to do only with the first cause of action, which did not go to the jury. It could not have any application to the cause of action for the statutory penalty. Whatever right section 4330 may confer upon a passenger who has paid or tendered the regular fare for his ticket, it does not assume to confer any whatever upon a person who has purchased a ticket at a price below the regular fare, as plaintiff in this instance did; and since the plaintiff does not bring herself within the class of persons for whose benefit section 4330 was enacted, she cannot maintain an action for the penalty which that section provides.

The judgment and order are reversed, and the cause is remanded.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.