WILLIAM F. MOLE, Appellant, v. JOHN BARTON PAYNE, Director-General of Railroads and Agent Designated Under Section 206 of the Transportation Act of February 28, 1920.

[227 Pac. 23.]

C. S., SEC. 4814—RAILROAD RIGHT OF WAY—ACTION FOR NOT FENCING —COMPLAINT—SUFFICIENCY—ALLEGATIONS OF FACT—CONCLUSIONS OF LAW—SUFFICIENCY OF EVIDENCE—MOTION FOR NONSUIT—SPECIFICATIONS OF INSUFFICIENCY—AMENDMENT OF PLEADING—REFUSAL TO PERMIT—ABUSE OF DISCRETION.

1. In an action under C. S., sec. 4814, the complaint must state ultimate facts showing a duty on the part of the railroad company to fence.

2. In an action under C. S., sec. 4814, an allegation that the accident occurred at a place where it was the duty of the railroad company to fence is insufficient.

3. The insufficiency of the complaint cannot be raised by motion for nonsuit.

4. When insufficiency of the evidence is relied on as a ground of nonsuit, the motion must specify wherein the evidence is insufficient, and, if it does not do so, it should be denied.

5. The ruling of the district court refusing permission to amend a pleading will be reversed when it was clearly an abuse of discretion.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. O. R. Baum, Judge.

Action for damages under C. S., sec. 4814. Judgment for defendant. *Reversed.*

Geo. W. Edgington and W. P. Hanson, for Appellant.

The allegation in the complaint to the effect "that the animals in question entered upon the right of way of the defendant's road at a point on said line of railroad approximately one mile north of its station of Payne, in said county and state, aforesaid, and where it was the duty of the said railroad company, to keep and maintain its tracks and rights of way fenced," is sufficient. (*Midland Valley R. R. Co. v. Hardesty*, 38 Okl. 559, 134 Pac. 400; *Mickelson v. Hannibal-St. Joseph Ry. Co.*, 82 Mo. 73; *Maxwell v. Evans*, 90 Ind. 596, 46 Am. Rep. 234; *Louisville E. & St. Louis Ry. Co. v. Hart*, 2 Ind. App. 130, 28 N. E. 218; *Mayfield v. St. Louis Ry. Co.*, 91 Mo. 296, 3 S. W. 201.)

The allegation in the answer denying that it is the duty of said railroad company, as to this defendant, to keep and maintain its tracks and right of way fenced at said place, is what is known in pleading as a "negative pregnant," and is an admission of the allegation in the complaint that it was the duty of the railroad company to maintain its fence at said place. (*Thompson v. Hamilton Motor Co.*, 170 Cal. 737, Ann. Cas. 1917A, 677, 151 Pac. 122; *Bessemer Irr. Co. v. Woolley*, 32 Colo. 437, 76 Pac. 1053.)

The objection to the complaint was not of such a nature as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever. (*Lyen v. Bond*, 3 Wash. Ter. 407, 19 Pac. 35; *Idaho Mer-*

*cantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925; *Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Culver v. Kehl,* 21 Ida. 595, 123 Pac. 301; *Mineau v. Imperial Dredge Co.,* 19 Ida. 458, 114 Pac. 23.)

Under the statute, to allow an amendment is the rule; to deny is the exception. The court allows them with great liberality where they do not change the nature of the action or mislead the adverse party to its prejudice, going even to the extent of permitting them after verdict and judgment. (*Leggat v. Palmer,* 39 Mont. 302, 102 Pac. 327; *Williston v. Camp,* 9 Mont. 88, 22 Pac. 501; *Kroetch v. Empire Mill Co., supra; Dunbar v. Griffiths,* 14 Ida. 120, 93 Pac. 654; *Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558; *Harrison v. Russell Co.,* 17 Ida. 196, 105 Pac. 48.)

Pleadings should be liberally construed when it is sought to take advantage of a defect by motion for dismissal or nonsuit. (*Jackson v. Sumpter Valley Ry. Co.,* 50 Or. 455, 93 Pac. 356; *The Mode, Ltd., v. Myers,* 30 Ida. 159, at p. 166, 164 Pac. 91; *Estate of Behrens,* 130 Cal. 416, 62 Pac. 603; *Whitehurst v. Stuart,* 129 Cal. 194, 61 Pac. 963; *Allen v. Bear Creek Coal Co.,* 43 Mont. 269, 115 Pac. 673.)

Nonsuit should not be granted where the defect may be obviated by amendment. (*Pacific Paving Co. v. Vizelich,* 141 Cal. 4, 74 Pac. 352.)

The court may permit an amendment to the complaint while a motion for nonsuit is pending. (*Lorang v. Randall,* 27 Ida. 259, 148 Pac. 468; *McCormick v. Smith,* 23 Ida. 487, 130 Pac. 999.)

George H. Smith, H. B. Thompson and John O. Moran, for Respondent.

The allegation of the complaint that the horses entered upon the right of way at a point "where it was the duty of said railroad company and the defendant to keep and maintain its tracks and right of way fenced" was a mere conclusion of law. (21 R. C. L. 440; *Lemos v. Madden,* 28 Wyo. 1, 200 Pac. 791; *Colen v. Gladding, McBean & Co.,*

166 Cal. 354, 136 Pac. 289; *Herndon v. Salt Lake City,* 34 Utah, 65, 95 Pac. 646; *Dufur v. Lewis River Boom & Logging Co.,* 89 Wash. 279, 154 Pac. 463; 12 Ency. Pl. & Pr., 1020, and cases cited.)

Such allegation of a mere legal conclusion raised no issue and did not need to be denied. (21 R. C. L. 440; *Larson v. Oregon R. & N. Co.,* 19 Or. 240, 23 Pac. 974; *Swanholm v. Reeser,* 3 Ida. 476, 31 Pac. 804.)

The denial of a conclusion of law is immaterial and raises no issue. (*Kidwell v. Ketler,* 146 Cal. 12, 79 Pac. 514, and cases cited at p. 516; *Schultz v. Selberg,* 80 Or. 668, 157 Pac. 1114; *Northwestern Mut. Life Ins. Co. v. Commonwealth,* 164 Ky. 255, 175 S. W. 337; *Ryan v. Sullivan,* 143 App. Div. 471, 128 N. Y. Supp. 632; *Doyle v. Hamilton Fish Corp.,* 216 N. Y. 627, 109 N. E. 871.)

The complaint, by merely alleging that the animals entered upon the right of way through a defective gate at a point "where it was the duty of said railroad company and the defendant to keep and maintain its tracks and right of way fenced," failed to state a cause of action under the fencing statute. (C. S., sec. 4814; *Perkins v. Loux,* 14 Ida. 607, 95 Pac. 694; *Metlen v. Oregon Short Line R. Co.,* 33 Mont. 45, 81 Pac. 737; *Miley v. Northern Pac. R. Co.,* 41 Mont. 51, 108 Pac. 5; *Thurman v. Pittsburg & M. Copper Co.,* 41 Mont. 141, 108 Pac. 588; *Chicago & E. R. Co. v. Hemerick,* 50 Ind. App. 425, 96 N. E. 649; *People v. American Sugar Refining Co.,* 86 Misc. 76, 148 N. Y. Supp. 160, and cases cited; *Kirn v. Cape Girardau & C. R. Co.,* 149 Mo. App. 708, 129 S. W. 475; *Rowen v. Chicago G. W. Ry. Co.,* 82 Mo. App. 24; *Meadows v. Chicago, M. & St. P. Ry. Co.,* 82 Mo. App. 83.)

Appellant's motion for leave to withdraw his rest and amend the complaint, made during pendency of respondent's motion for nonsuit, was addressed to the court's discretion; and since the amendment offered, if allowed, would have changed the issues entirely and a new and different cause of action under the guise of such amendment would have been substituted, the exercise of the court's discretion in

refusing to permit the amendment may not be questioned.
(*The Mode, Ltd., v. Myers*, 30 Ida. 159, 164 Pac. 91; *Hallett
v. Larcom*, 5 Ida. 492, 51 Pac. 108; *Fralick v. Mercer*, 27
Ida. 360, 148 Pac. 906; *Harrison v. Russell & Co.*, 17 Ida.
196, 105 Pac. 48.)

McCARTHY, C. J.—Appellant's complaint is an attempt
to state a cause of action to recover damages for a violation
of the so-called railroad fencing statute.   (C. S., sec. 4814.)
It alleges *inter alia* that, at a point on the O. S. L. Rail-
road Company's line where it was the duty of the said rail-
road company and respondent to keep and maintain the
tracks and right of way fenced, the said railroad company
had constructed a gate, but had negligently and carelessly
allowed the said gate to be insecure and inadequately and
defectively fastened, in this, that it was a double gate,
and its two parts were held together or connected when
closed by a single strand of barbed wire.   It further alleges
that seven of appellant's horses passed through said gate
upon the tracks and were killed by an engine and train of
said railroad company.   Respondent interposed no de-
murrer to this complaint.   Upon the trial, at the close of
appellant's evidence, respondent moved for a nonsuit upon
the following grounds: (1) That the complaint does not
state facts sufficient to constitute a cause of action and
the proof is insufficient to establish a cause of action in
favor of the plaintiff and against the defendant; (2) because
both pleading and proof are insufficient to establish a lia-
bility either statutory or at common law.   The court indi-
cated its intention to sustain the motion, but before it had
actually done so appellant asked leave to reopen his case
and amend the complaint so as to allege that at the point
in question where the said gate and fence were located the
railroad passed through and along cultivated fields.   The
court granted the motion for nonsuit and denied appellant
leave to open his case and amend.   From a judgment of
nonsuit this appeal is taken, the principal assignments of
error being that the court erred (1) in refusing to permit

appellant to reopen his case and amend his complaint as requested, (2) that the court erred in granting the motion for nonsuit.

From what is said in the briefs we infer, although the court did not expressly say so, that the principal reason for granting the motion for nonsuit was that the complaint did not state a cause of action. Obviously the complaint does not state nor attempt to state an action for negligence at common law, since it contains no allegation that even suggests negligence in the management or operation of the train. It is clearly an attempt to state a cause of action for violation of C. S., sec. 4814. It does not allege any of the facts mentioned in the statute which make it incumbent upon a railroad company to fence its road, but states merely the conclusion of law that the accident occurred at a place where it was the duty of the said railroad company and defendant to keep and maintain the tracks and right of way fenced. While there is some authority to the effect that such an allegation is good (*Louisville etc. R. Co. v. Hart,* 2 Ind. App. 130, 28 N. E. 218), the better reason and the weight of authority hold that it is not, and such a complaint does not state a cause of action. (*Metlen v. Oregon Short Line R. Co.,* 33 Mont. 45, 81 Pac. 737; *Miley v. Northern Pac. Ry. Co.,* 41 Mont. 51, 108 Pac. 5; *Thurman v. Pittsburg & M. Copper Co.,* 41 Mont. 141, 108 Pac. 588; *Dufur v. Lewis B. & L. Co.,* 89 Wash. 279, 154 Pac. 463.) See, also, *Perkins v. Loux,* 14 Ida. 607, 95 Pac. 694, in which this court said: "Where a plaintiff desires to avail himself of a statutory privilege or right to be granted on the facts set forth in the statute or ordinance, such facts must be alleged in the complaint."

Conceding, however, that the complaint does not state a cause of action, this was not ground for nonsuit. The granting of a nonsuit is governed by statute in this state. C. S., sec. 6830, states in detail the different grounds of nonsuit and insufficiency of the complaint is not mentioned.

"The sufficiency of the complaint, however, was not challenged by demurrer or upon the admissibility of evidence

and was only raised upon the motion for a nonsuit. This, however, is not a ground for a nonsuit." (*Strong v. Western Union Tel. Co.*, 18 Ida. 389, at 407, 109 Pac. 910, 916.)

Again this court said:

"Sec. 4354, Rev. Codes, provides: 'An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . . . ,' and the cases enumerated do not cover the objection that the complaint does not state facts which constitute a cause of action. In other words, the insufficiency of the complaint is not a ground upon which a motion for a nonsuit may be based." (*Ludwig v. Ellis*, 22 Ida. 475, 126 Pac. 769.)

The insufficiency of the complaint was therefore not ground for granting a nonsuit.

However, that is not the only ground set forth and relied upon. Another ground is that the evidence is insufficient to make a case for the jury. This is argued by respondent as another justification for granting the nonsuit. The question arises whether the motion for nonsuit properly raises the question of insufficiency of the evidence. The form of the motion so far as it pertains to this question is as follows:

"1st. That the complaint does not state facts sufficient to constitute a cause of action, and the proof is insufficient to establish a cause of action in favor of the plaintiff and against the defendant;

"2nd. Because both pleadings and proof are insufficient to establish a liability, for the reason that the complaint does not allege facts constituting violation of or right to recover under any statute, and the evidence is insufficient to support a recovery under any statute."

This court has held that a motion for a nonsuit must specifically set forth the grounds relied on. (*Idaho Mercantile Co. v. Kalanquin*, 7 Ida. 295, 62 Pac. 925.) When insufficiency of the evidence is relied on as a ground of nonsuit, the motion must specify wherein the evidence is insufficient, and, if it does not do so, it should be denied. (*Jacobs v. Union Mercantile Co.*, 17 Mont. 61, 42 Pac. 109; *In re*

*Soale*, 31 Cal. App. 144, 159 Pac. 1065; *Barlow v. Salt Lake & U. R. Co.*, 57 Utah, 312, 194 Pac. 665.) The motion in the present case does not properly raise the question of insufficiency of the evidence. It should therefore have been denied.

Great liberality should be shown in permitting amendments. (C. S., sec. 6726. *Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *Dunbar v. Griffiths*, 14 Ida. 120, 93 Pac. 654; *Rankin v. Caldwell*, 15 Ida. 625, 99 Pac. 108.) To be sure this court has held that an application to amend the pleading is addressed to the sound discretion of the trial court. (*The Mode, Ltd., v. Myers*, 30 Ida. 159, 164 Pac. 91.) And its ruling should not be reversed except for abuse of discretion. (*Craven v. Bos*, 38 Ida. 722, 225 Pac. 136.) The ruling of the lower court refusing permission to amend will, however, be reversed where it is clear that it was an abuse of discretion. (*Dunbar v. Griffiths, supra; Harrison v. Russell & Co.*, 17 Ida. 196, 105 Pac. 48.) In his application for permission to amend the complaint appellant offered to pay the costs of the continuance and give respondent time to prepare a defense to the amendment to the complaint. To have granted the amendment would have violated no rights of respondent and would have been in the interest of justice, and to refuse permission to amend was an abuse of discretion.

The judgment is reversed and the case remanded, with instructions to the district court to permit the amendment of the complaint and grant a new trial in accordance with the views herein expressed. Costs are awarded to appellant.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.