KIRK, RESPONDENT, *v.* SMITH, APPELLANT.

(No. 3,337.)

(Submitted January 10, 1914. Decided January 31, 1914.)

[138 Pac. 1088.]

*Finding Lost Property—Livestock—Estrays—Complaint—Damages—Compensation—Instructions.*

Actions—Special Statutes—Complaint.
  1.  One who seeks recovery for a liability or obligation imposed by special statute must in his complaint state facts which bring his case squarely within its terms.
Finding Lost Property—Complaint—Insufficiency.
  2.  Assuming that sections 5178–5186, Revised Codes, dealing with the subject "Finding," are applicable to the case of one who picks

up estray domestic animals, takes care of and feeds them, the complaint which omitted to allege that the animals were in fact lost, did not state a cause of action under these sections.

Same—Damages—Compensation—Gratuities—Erroneous Instruction.

3. In the matter of damages, the law proceeds upon the theory of compensation, not upon that of gratuities or gifts; it was therefore error to instruct the jury that in addition to the compensation awarded to plaintiff for taking care of estray livestock, they might add a reasonable reward for keeping them, the word "reward" used in section 5181, Revised Codes, meaning remuneration and not gratuity.

Same—Compensation—Proof.

4. In an action for compensation for taking care of an estray band of sheep, the fact that plaintiff had mingled them with other sheep did not prevent him from recovering for his services, provided he could show the value of the proportion of his time, labor, feed, etc., given to the estrays.

[As to law of estrays, see notes in 8 Am. St. Rep. 271; 90 Am. St. Rep. 211.]

Defective Instructions—Trial—Duty of Appellant.

5. Before appellant can complain of an instruction given the jury because not as specific as it should have been, it was his duty to offer one not containing that defect.

*Appeal from District Court, Blaine County; Frank N. Utter, Judge.*

ACTION by James Kirk against W. T. Smith. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Messrs. Nelson & Moore,* and *Mr. R. E. O'Keefe,* for Appellant, submitted a brief; *Mr. O'Keefe* argued the cause orally.

Before the plaintiff can recover any sum for the care of the 500 sheep claimed to have been found by him, he must prove what care he gave the identical sheep taken into his care. Assuming that the complaint states facts sufficient to show that the 500 sheep were lost, when the plaintiff took the sheep in charge he became a depositary for the owner with the rights and obligations of a depositary for hire, and evidence of what he did in caring for other sheep than the 500, after they were commingled, is inadmissible. (Rev. Codes, sec. 5178.)

Before evidence can be received as to a reward, or the question of a reward submitted to the jury, the complaint must allege the offer of a reward. In the absence of an offer of reward, the finder has no right to a reward for the finding of

lost property. (19 Cyc. 541; *Dougherty* v. *Posegate*, 3 Iowa,
88; 19 Cyc. 541; *Wentworth* v. *Day*, 3 Met. (Mass.) 352, 37
Am. Dec. 145; *Amory* v. *Flyn*, 10 Johns. (N. Y.) 102, 6 Am.
Dec. 316; *Watts* v. *Word*, 1 Or. 86, 62 Am. Dec. 299.) The
complaint does not state a cause of action because it claims a
reward for finding the sheep without alleging that any reward
was offered, and does not claim a reward for keeping the sheep,
as provided by law.

There is no allegation in the complaint that the 500 sheep
belonging to the appellant were lost, and without this allegation
no evidence was admissible to show that the sheep were lost,
and the question of the sheep being lost should not have been
submitted to the jury. The complaint does not state a cause
of action because it does not allege that the 500 head of sheep
were lost. A thing is lost when it cannot be found, or when
ordinary vigilance will not regain it. (25 Cyc. 1605; *State
Savings Bank* v. *Buhl*, 129 Mich. 193, 56 L. R. A. 944, 88 N. W.
471.)

*Mr. W. B. Sands*, for Respondent, submitted a brief and
argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The plaintiff states his cause of action as follows: " (1) That
on or about the 12th day of November, 1911, this plaintiff
found, wandering upon the prairie in the county of Chouteau,
a band of about five hundred (500) sheep belonging to this
defendant, which said sheep this plaintiff immediately took into
his possession and promptly gave notice to this defendant, the
owner thereof, and that he cared for and fed the said sheep
until the 29th day of January, 1912. (2) That $187 is a rea-
sonable compensation for the care of said sheep; that $100 is
a reasonable reward for the finding and keeping of said sheep."
An allegation of nonpayment is followed by the prayer. The
trial resulted in a verdict in favor of plaintiff, and, from the

judgment entered thereon and from an order denying him a new trial, defendant appealed.

1. Court and counsel apparently proceeded upon the assumption that sections 5178 to 5186, Revised Codes, dealing with the [1] subject "Finding," as applied to lost property, are intended to cover the case of one who finds estray domestic animals. Whether this assumption is justified is not before us. Upon the theory adopted, the complaint fails to state a cause of action. Plaintiff does not count upon a contract, express or implied, but seeks recovery for a liability or obligation imposed by special statute. In such a case the rule is settled in this state that, in order to avail oneself of the statute relied upon, the complaint must state the facts which bring him squarely within its terms. (*Kelly* v. *Northern Pac. Ry. Co.*, 35 Mont. 243, 88 Pac. 1009; *Thurman* v. *Pittsburg etc. Copper Co.*, 41 Mont. 141, 108 Pac. 588; *Miley* v. *Northern Pac. Ry. Co.*, 41 Mont. 51, 108 Pac. 5; *Kinsel* v. *North Butte M. Co.*, 44 Mont. 445, 120 Pac. 797.) Whatever else may be said of the [2] statute under consideration, this much is certain: The subject matter is lost property. The several provisions can be invoked only in the event that the property in controversy was in fact lost. To bring himself within the statute, it was necessary for plaintiff to allege that the sheep—the subject matter of this action—were lost, and, in failing to do so, he fails to state a cause of action upon the theory adopted by him. Counsel for respondent is in error in urging that this necessary allegation omitted from the complaint was supplied by the answer.

2. Upon the trial, plaintiff was asked: "Q. Mr. Kirk, what would you consider the reasonable reward for the finding of the band of sheep that you found, on or about the 12th day of November, 1911, at your ranch, numbering about 500 head?" and, over objection he answered: "$100." On cross-examination, he testified: "I base my claim for $100 for letting them [3] stay there; for coming home and seeing them there." An instruction was given that, in addition to the compensation awarded plaintiff, the jury might add such sum, not exceeding

$100, as, in their judgment, constituted a reasonable reward for keeping the sheep. It is quite evident that plaintiff's theory was that a reward is a mere gratuity, a gift, and that this theory found favor with the trial court. It is not contended that this $100 claimed as a reward represents the value of time spent, or labor expended upon the sheep, or the value of the use of plaintiff's premises, or of feed consumed, or that it is demanded by way of recompense for the responsibility imposed by the care of these animals. All these elements were considered elsewhere. By what process plaintiff arrived at the exact amount ($100) is not disclosed.

It is elementary that the law does not give something for nothing. Except in those rare cases of aggravated circumstances where punitive damages are recoverable, the law proceeds uniformly upon the theory of compensation. If a party can be made whole, if he can be restored to the *status quo,* if damages in money will reimburse him for whatever he has done for, or suffered at the hands of, another, he cannot complain, and he has neither legal nor moral excuse for demanding more. To speak of an enforced gratuity is a contradiction of terms, and a suit to compel a gift is an anomaly in the law.

Counsel refer to section 5181, Revised Codes, as authority for the position taken by the plaintiff and adopted by the court. That section reads: "The finder of a thing is entitled to compensation for all expenses necessarily incurred by him in its preservation, and for any other service necessarily performed by him about it, and to a reasonable reward for keeping it." Standing alone, it does not admit of the construction placed upon it; but we are not permitted to consider it alone. Section 5178 provides: "One who finds a thing lost is not bound to take charge of it, but if he does so, he is thenceforth a depositary for the owner, with the rights and obligations of a depositary for hire." When these two sections are construed together, the terms of section 5181 are made plain. The depositary for hire is only entitled to ordinary compensation, except in so far

as this rule is modified by section 5159; and, since the plaintiff is in no better position than he would have been had he taken these sheep from the owner under an agreement to care for them for reasonable remuneration, his recovery must be based upon the theory of compensation alone. The term "reward," as used in section 5181, means remuneration or pay. (Webster's International Dictionary; 34 Cyc. 1730.) The same word is used in this same sense in section 5154, and the conclusion is fortified by a consideration of section 5146, which enumerates some of the duties of the depositary of live animals. In submitting to the jury the right of plaintiff to recover a gratuity, the trial court erred; and, since it is impossible to determine to what extent the verdict was influenced by this consideration, a new trial must be had.

3. Complaint is made of certain rulings upon the introduction of evidence, but these alleged errors will doubtless not occur upon a retrial.

While plaintiff cannot go beyond the issues made by the pleadings and prove the value of services rendered about the [4] care of an entire band of sheep, including the sheep mentioned in his complaint, still the fact that he was caring for other sheep at the same time presents no obstacle to his recovering whatever is justly due him for his services, expenses, *etc.*, laid out about the particular sheep in controversy here, provided his evidence is sufficient to disclose to the jury the value of the proportion of his time, labor, feed, etc., given to the particular sheep mentioned in his complaint.

Since this cause must be remanded for a new trial, we refrain from commenting upon the sufficiency of the evidence.

4. Complaint is made of instruction No. 3½, given to the [5] jury. We think it correct so far as it goes. If defendant desired a more specific instruction upon the subject of lost property, it was his duty to offer one. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70.) His offered instruction No. 2 was not more complete than the one given by the court.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.