DANIELS, RESPONDENT, *v.* GRANITE BI-METALLIC CON.
MINING CO., APPELLANT.

(No. 4,024.)

(Submitted September 17, 1919.   Decided October 17, 1919.)

[184 Pac. 836.]

*Mines and Mining—Personal Injuries—Mining Code—Rules
and Regulations — Violation — Legal Negligence — Choice of
Ways—Contributory Negligence—Burden of Proof—Instruc-
tions.*

Trial—Instructions—Law of Case—Appeal and Error.
  1.  An instruction given without objection from either party became
  the law of the case on the subject embodied in it.
Same—Evidence—Witnesses—Credibility.
  2.  A court of justice is not bound by testimony, however positively
  sworn to, if it does not credit it.
Mines and Mining—Personal Injuries—Mining Code—Rules and Regula-
  tions—Violation—Legal Negligence.
  3.  A violation of the rules and regulations of the mining inspector,
  by defendant company's stationary engineer in substituting a code
  of his own for the one established by the inspector, in the matter
  of giving signals for hoisting and lowering mining cages, was legal
  negligence, and rendered it liable for damages proximately caused
  by his unauthorized act.
Same—Contributory Negligence—How Determinable.
  4.  Whether plaintiff was guilty of contributory negligence when he
  assumed a certain position upon a mining cage about to be hoisted
  to the surface, for the purpose of giving the signal to hoist, was de-
  terminable by the customs and usages established by reasonably pru-
  dent and experienced miners under the same circumstances while per-
  forming the same task.
    [As to contributory negligence and the general principles of law
    applicable to it, see note in 55 Am. Dec. 666.]
Same—Choice of Ways—Contributory Negligence.
  5.  Where the evidence is undisputed that plaintiff assumed a position
  which was more dangerous than another position which he might have
  assumed, and that, with full knowledge and appreciation of the facts
  and of the consequences likely to follow, he voluntarily assumed the
  more dangerous one, he is guilty of contributory negligence as a
  matter of law, in case of injury to himself.
Same—Choice of Ways—Presumptions—Right of Plaintiff.
  6.  A miner, charged with contributory negligence in assuming a
  more dangerous position on a mining cage while signaling the engineer

---

  Authorities discussing the question of statutory regulations for the pro-
tection and safety of workmen in mines are collated in a note in 25
L. R. A. 849.

to hoist than one less so which he might have chosen, had the right to assume that the engineer would proceed with reasonable care and not move the cage until plaintiff had completed the signal.

Same—Choice of Ways—Rule.

7. In balancing ways, one dangerous and the other less so, for the purpose of making a choice between them, plaintiff was not required to choose unerringly in the light of after events, but only to make such a choice as, under all obvious circumstances, a reasonably prudent man might have made.

Same—Choice of Ways—Contributory Negligence—Jury Question.

8. Whether plaintiff was guilty of negligence in choosing the more dangerous of two ways in signaling the surface engineer to hoist the cage upon which he then stood with one foot while the other was on the floor of the station on a certain level in a deep mine, was a question for the jury's decision.

Personal Injuries—Contributory Negligence—Pleading—Burden of Proof.

9. The defense of contributory negligence is a special one, which must be pleaded and proved by the defendant; hence an instruction requested by the defendant to the effect that the burden was upon plaintiff to prove his own freedom from contributing fault was properly refused.

Same—Negligence Barring Recovery.

10. Negligence on the part of plaintiff in a personal injury action does not necessarily preclude recovery, the rule being that only such negligence will have that effect as constitutes a proximate or contributing cause of his injury.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

ACTION by William Daniels against the Granite Bi-Metallic Consolidated Mining Company. From a judgment for plaintiff, and from an order denying its motion for new trial, defendant appeals. Affirmed.

*Mr. W. E. Moore* and *Mr. Edwin M. Lamb,* for Appellant, submitted a brief; *Mr. Frank Walker,* of Counsel, argued the cause orally.

Citing: *Walsh* v. *Pennsylvania Coal Co.,* 231 Pa. 518, 80 Atl. 1053; *Morrison* v. *Lee,* 13 L. R. A. (n. s.) 650, 113 N. W. 1025; *Fox* v. *Warner-Quinlan Asphalt Co.,* 38 L. R. A. (n. s.) 395, 97 N. E. 497; *Whaley* v. *Coleman,* 113 Mo. App. 594, 89 S. W. 119; *Smith* v. *Thos. Iron Co.,* 69 N. J. L. 11, 54 Atl. 562; 3 Labatt on Master & Servant, 2d ed., sec. 1251; 2 Bailey on Personal Injuries, 2d ed., sec. 469, p. 1377; White on Personal Injuries in Mines, sec. 280, p. 294.

*Mr. J. J. McDonald, Mr. S. P. Wilson* and *Mr. Jos. J. McCaffery,* for Respondent, submitted a brief; *Mr. Wilson* and *Mr. McCaffery* argued the cause orally.

Two questions are raised generally upon the testimony: (1) Was appellant guilty of negligence in prematurely starting the cage before the signal was complete? (2) Was respondent *per se* guilty of contributory negligence in standing with one foot upon the floor of the cage and the other upon the floor of the level to give the signal? It is true witnesses testified that it was dangerous to stand with one foot upon the station and one upon the cage. Other witnesses testified that it was the custom among good miners of ordinary prudence to so stand. At best this was a question for, the jury. (3 Labatt on Master & Servant, sec. 1271.) Respondent had the right to assume and to rely upon the proper performance of appellant's duty to avoid unusual and negligent conduct which alone could jeopardize him. (*Mullery* v. *Great Northern Ry. Co.,* 50 Mont. 408, 424, 148 Pac. 323.)

The question of plaintiff's contributory negligence was a question for the jury to determine. (*Hollingsworth* v. *Davis-Daly Estates Copper Co.,* 38 Mont. 143, 99 Pac. 142; *Hill* v. *Nelson Coal Co.,* 40 Mont. 1, 104 Pac. 876; *Alexander* v. *Great Northern Ry. Co.,* 51 Mont. 565, L. R. A. 1918E, 862, 154 Pac. 914; *Mullery* v. *Great Northern Ry. Co.,* 50 Mont. 408, 148 Pac. 323; *Killeen* v. *Barnes-King, Dev. Co.,* 46 Mont. 212, 127 Pac. 89; *Johnson* v. *Maiette,* 34 Mont. 477, 87 Pac. 447; *Moyse* v. *Northern Pac. Ry. Co.,* 41 Mont. 272, 108 Pac. 1062; *Westlake* v. *Keating Gold Mining Co.,* 48 Mont. 120, 136 Pac. 38; *Kinsel* v. *North Butte Mining Co.,* 44 Mont. 445, 120 Pac. 797; *Lucas* v. *Walker,* 22 Cal. App. 296, 134 Pac. 374, 375; *Morgan* v. *J. W. Robinson Co.,* 157 Cal. 348, 107 Pac. 695; *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, 116 Pac. 513.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant, Granite Bi-Metallic Consolidated Mining Company, owned and operated the Granite mine, near Phillipsburg,

Montana, and also leased certain ore bodies in the mine to other persons to work on a royalty basis. The facilities of the mine were at the service of the lessees as well as the employees. To govern the use of the cage, certain signals prescribed by the state mine inspector were in use. The signals to lower and hoist were given by means of a gong in the engine-house, on the surface. To the striker of the gong was attached a small wire cable which extended down the shaft and at each level was fastened to a lever. By pulling down upon the lever, the gong was sounded. On the day of the accident plaintiff and his partner, McDonald, were on the 700 level to procure samples with a view to securing a lease of ore bodies at that level. Having secured the samples, they returned to the shaft, gave the required signal, and the cage was lowered. McDonald, with the samples, stepped upon the cage, and plaintiff undertook to give to the engineer the signal (three bells) to hoist men to the surface. When one bell had been given, the cage was suddenly hoisted, with the result that plaintiff was thrown violently to the floor of the station, receiving the injuries of which he complains.

It is charged in the complaint that the defendant, by its engineer, was guilty of negligence in moving the cage before the signal was completed, and that this negligence proximately caused the injury. By its answer defendant denied any negligence on the part of the engineer, and alleged that plaintiff was guilty of contributory negligence in that he stood with one foot on the cage and the other on the floor of the station while giving the signal to hoist. In his reply plaintiff admitted that he stood with one foot on the cage and the other on the floor of the station, but denied that he was guilty of negligence in so doing.

The trial resulted in a verdict for plaintiff, and from the judgment entered thereon and from an order denying it a new trial defendant appealed.

For the purpose of this case it is immaterial whether plaintiff [1] was in the mine by direction or invitation of the defendant. The court instructed the jury that the defendant owed to

plaintiff the duty to exercise reasonable care and diligence for his safety. This instruction was given without objection from either party and became the law of the case upon that subject.

Plaintiff and McDonald testified that plaintiff had given one [2, 3] bell and was in the act of giving the second one when the cage was moved, and that plaintiff was proceeding in the customary manner without unnecessary or unreasonable delay between bells. The engineer testified very positively that he had received a complete signal, not a signal to raise men to the surface, however, but the proper signal to hoist ore or the empty cage to the surface, or the cage with men to the next level above, and that he took the cage to the 600 level. It is stated in appellant's brief that "this testimony is not susceptible to contradiction by inference." It is, however, contradicted by the direct evidence of plaintiff and McDonald; but, however this may be, it has been said: "It is a wild conceit that any court of justice is bound by the mere swearing. It is swearing creditably that is to conclude its judgment." (*The Odin*, 1, Rob. Adm. 248; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 116 Pac. 513; *Rood* v. *Murray*, 50 Mont. 240, 146 Pac. 541.)

The engineer based his conclusion that the signal was complete upon the fact that he observed the bell cord slacken, and not upon the fact that he waited a reasonable time to ascertain whether the bell would be sounded again. The rules and regulations of the mining inspector were binding upon defendant and its engineer (sec. 1724, Rev. Codes), and for damages proximately caused by the unauthorized act of the engineer, in substituting a code of his own, the defendant is liable (5 Labatt on Master & Servant, sec. 1888). In other words, a violation of the prescribed code constituted legal negligence. (*Melville* v. *Butte-Balaklava Copper Co.*, 47 Mont. 1, 130 Pac. 441.)

It is not seriously contended, however, that the evidence is insufficient to prove negligence on the part of the engineer. The principal contention is that the admission in the reply and [4] the evidence introduced by plaintiff established contributory negligence as a matter of law. The standard by which to

measure plaintiff's conduct is that of the average man under similar circumstances.   In this instance he was to be governed in giving the signals by the customs and usages of reasonably prudent, experienced miners.

The evidence introduced by plaintiff was to the effect that the position assumed by him while giving the signal (one foot on the cage and the other on the floor of the station) was the position assumed by careful, prudent, experienced miners generally while performing that task in the Granite mine.   There is a conflict in the evidence upon this subject, but that conflict it was the peculiar province of the jury to resolve.

It is said by appellant that the position assumed by plaintiff was fraught with danger, while there was available to him another method of performing the service, which was safe, or at least less dangerous than the method which he pursued.   It will not do to say that because plaintiff placed himself in a position of danger he may not recover in this action.   All underground mining operations are dangerous.   If, however, the [5] evidence were undisputed that the position assumed by plaintiff to give the signal was more dangerous than another position which he might have assumed, and that, with full knowledge and appreciation of the facts and of the consequences likely to follow, he voluntarily assumed the more dangerous position, he would be guilty of negligence as a matter of law.   (*Mullery* v. *Great Northern Ry. Co.*, 50 Mont. 408, 148 Pac. 323.)

In the application of the rule of choice of ways, and particularly [6] in the imputation to plaintiff of knowledge that the position assumed was more dangerous than the alternative suggested by defendant, regard must be had to the circumstances, and these include the right of plaintiff to assume that the engineer, whose negligence alone could jeopardize him, would proceed with reasonable care and not move the cage until the signal was completed.   The alternative position suggested by defendant's evidence was that plaintiff should have stood with both feet on the cage, held to the safety bar with one hand, and pulled

the lever with the other; but plaintiff testified that he could not pull the lever with one hand, and the effect of his evidence is that, if he had stood with both feet on the cage and used both hands to pull the lever, his position would have been more hazardous than the position he assumed.

The rule is well established, in reason and authority, that [7] in balancing ways for the purpose of making a choice between them plaintiff was not required to make a choice unerring in the light of after events, but only such a choice as, under all obvious circumstances, a reasonably prudent man might have made. (*Killeen* v. *Barnes-King Dev. Co.,* 46 Mont. 212, 127 Pac. 89; *Mullery* v. *Great Northern Ry. Co.,* above.) While customary negligence of others would not excuse plaintiff, the fact, which the evidence tended to prove, that careful, prudent, experienced miners working in the Granite mine generally assumed the position taken by plaintiff in giving the signal to hoist men, indicates forcibly that plaintiff did not choose the [8] more dangerous of the two positions; but whether, under all the circumstances he did or did not—whether he was guilty of negligence in making the choice which he did make—was a question properly submitted to the jury, and the general verdict absolves him from the imputation of negligence.

Error is predicated upon the refusal of the court to give defendant's offered instructions I, K and L. The subject matter of I and K (choice of ways) was fully covered by instructions 13 and 14, given by the court. There are also objections to the phraseology employed in each of these offered instructions. [9] Instruction L is essentially erroneous. It imposed upon plaintiff the burden of proving defendant's negligence and his own freedom from contributing fault. This case falls clearly within the general rule that the defense of contributory negligence is a special one, to be pleaded and proved by the defendant, and that the burden of proving want of care on the part of plaintiff which contributed to his injury cannot be imposed upon him. (*Stephens* v. *Elliott,* 36 Mont. 92, 92 Pac. 45; *Melzner* v. *Raven Copper Co.,* 47 Mont. 351, 132 Pac. 552.)

In their supplemental brief counsel for appellant suggest that, if the complaint had stated the facts fully—that is, if it had contained the statement that plaintiff was standing with one foot upon the cage and the other upon the floor of the station— it would not have stated a cause of action; but this argument proceeds upon the theory that plaintiff was guilty of negligence as a matter of law, in the absence of excusatory allegations or the showing of an emergency, and this we have determined is not the fact.

While we may agree with counsel that the slightest want of ordinary care on the part of plaintiff would constitute negligence, we do not agree with the conclusion presumably to be [10] deduced therefrom, *viz.*, that negligence on the part of plaintiff necessarily precludes recovery. It is only such negligence on his part as constitutes a proximate or contributing cause of his injury that will bar his recovery. (*Stewart* v. *Pittsburg & Montana Copper Co.*, 42 Mont. 200, 111 Pac. 723.)

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, PATTEN and COOPER concur.