McGREGOR, Respondent, *v.* WEINSTEIN, Appellant.

(No. 5,437.)

(Submitted March 15, 1924.   Decided April 24, 1924.)

[225 Pac. 615.]

*Personal Injuries—Street Crossings—Automobiles—Rights of Pedestrian—Driver Turning Street Corners—Duty to Keep Close to Curb—Inapplicability of Statutory Requirement— Erroneous Instruction.*

Personal Injuries to Pedestrian—Streets and Highways—Automobiles— Duty of Drivers.
1.   A pedestrian and the driver of an automobile have equal rights in the use of the public highway, and the latter must operate his car in a careful and prudent manner under the conditions existing at the point of operation, taking into account the grade and width of the road, the condition of the surface, *etc.*, so as not to endanger others entitled to its use, and his failure to do so renders him liable in damages unless the person injured through his contributory negligence precluded his right to recover.

Same—Street Crossings—Degree of Care Required of Pedestrian and Automobile Driver.
2.   At a street crossing a pedestrian need only exercise such reasonable care as the case requires, he having the right to assume that the driver of an automobile will exercise due care and approach the crossing with his vehicle under proper control, both being required to exercise that degree of care which the conditions demand.

Same—Contributory Negligence—Instructions to be Read Together.
3.   Instructions must be read together; hence where in a personal injury action the issue of contributory negligence was raised by the pleadings and evidence, the giving of instructions as to defendant's liability without referring to the question of such negligence was not reversible error where in other paragraphs of the charge the jury was correctly instructed in that respect.

Same—Street Crossing Accident—Duty of Driver of Automobile to Keep Close to Curb in Turning Corner—Inapplicability of Requirement of Statute—Erroneous Instruction.
4.   In an action by a pedestrian against the driver of an automobile for personal injuries sustained at a street crossing, an instruction based upon subdivisions 1 and 2, section 1743, Revised Codes of

1.   Reciprocal duty of operator of automobile and pedestrian to use care, see notes in 21 Ann. Cas. 652; Ann. Cas. 1916E, 666; 1 L. R. A. (n. s.) 215; 4 L. R. A. (n. s.) 1130; 20 L. R. A. (n. s.) 232; 24 L. R. A. (n. s.) 557; 25 L. R. A. (n. s.) 40; 38 L. R. A. (n. s.) 487; 42 L. R. A. (n. s.) 1178; 51 L. R. A. (n. s.) 990.
2.   Duty of pedestrian before crossing street to look for automobiles approaching on intersecting street, see note in 9 A. L. R. 1248.

[70 Mont. 340.]

1921, requiring the latter in turning corners to keep close to the curb, *held* prejudicially erroneous where the presence of a telephone pole in the highway about six feet from the curb near the point of the accident rendered it impossible for the driver to obey the mandate of the statute, its provisions being elastic, not rigid, to be applied in the light of physical conditions existing in the avenues of traffic.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

Action by Bertha L. McGregor against Mrs. Joseph Weinstein. Judgment for plaintiff and defendant appeals. Reversed and remanded for new trial.

*Mr. Earle N. Genzberger* and *Mr. George F. Shelton,* for Appellant, submitted a brief; *Mr. Genzberger* argued the cause orally.

*Mr. J. F. Emigh, Mr. J. J. Bourquin* and *Mr. M. F. Canning,* for Respondent, submitted a brief; *Mr. Emigh* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiff brought this action to recover for injuries alleged to have been inflicted upon her through being struck by an automobile driven by the appellant. The allegations of the complaint are substantially these: At 6:30 on the evening of May 20, 1922, the plaintiff was passing over the West Silver Street cross-walk from north to the south on the west side of Alabama Street in the city of Butte on the way to her home at 916 West Gold Street; that when she was near the curb on the south side of Silver Street she was struck by appellant's automobile in the back, hips and abdomen, thrown upon the sidewalk and so bruised and injured as to cause traumatic neurasthenia; that the injuries were caused through the negligence of the appellant in failing to notice the plaintiff upon the crossing and in carelessly driving the machine against her while passing over the crossing mentioned. The answer denies that the appealing

defendant was negligent or that she struck the plaintiff through carelessness in handling the car, and alleged that the accident would not have occurred had the plaintiff not been guilty of contributory negligence in failing to exercise due care for her own safety. The jury returned a verdict in favor of the plaintiff in the sum of $6,000. The district court denied defendant's motion for a new trial. She has appealed from the judgment.

The only eye-witnesses to the accident were the plaintiff and defendant Mrs. Weinstein. At the northwest corner of the intersection of Alabama and West Silver Streets is a tract of ground known as the "playgrounds" or "cinders" extending one block eastward and a block and a half northward. There are no buildings in the vicinity other than the Warner Apartments, located one block east. On the west side of Alabama Street, extending northward, is a cement sidewalk about six feet wide. From the northeast corner of the street intersection there is a gully or gulch and a telephone pole at a point about six feet south and east of the outer curb at the northwest corner, and surrounding this is rough ground. A crosswalk extends from the east side of Alabama Street along the north line of Silver Street. Another crossing is located upon the west side of Alabama Street crossing Silver Street from north to south. The accident occurred on the west crosswalk somewhere between the curb and the center of Silver Street, either three feet from the south sidewalk, as the plaintiff testified, or at the crossing in the center of the street, according to defendant's testimony. The plaintiff testified that she looked, but did not see an automobile approaching, and that she did not know from what direction the machine which struck her came, and that it threw her on the sidewalk on the south side of West Silver Street. The defendant testified that she tooted her horn as she turned at the intersection of the two streets and was traveling westward so slowly that she killed her engine and stopped the car when she saw the plaintiff; that she

asked the plaintiff why she did not get out of the way; that the plaintiff made no answer; and that she did not see the car strike the plaintiff.

The defendant relies upon eleven specifications of error. She charges that the plaintiff was guilty of contributory negligence; that the court erred in denying her motion for a directed verdict, and in refusing to instruct the jury as requested by her; that erroneous instructions were given upon the law of the case; that plaintiff failed to establish negligence; and that the verdict is the product of passion and prejudice.

Upon the authority of subdivision 3 of section 1743 of the [1] Revised Codes of 1921, this court announced the rule that a pedestrian and an automobile have equal rights in the use of a public highway and neither may with propriety infringe upon or disregard the rights of the other. (*Green* v. *Bohm*, 65 Mont. 399, 211 Pac. 320.) There the defendant operating a car at a dangerous rate of speed on a public highway not within the limits of a city, ran into and injured the plaintiff. A driver is required to operate his automobile in a careful and prudent manner "under the conditions existing at the point of operation," taking into account the "amount and character of traffic," the grade and width of the highway, condition of the surface, and freedom of obstruction to view ahead, and so as not to unduly or unreasonably endanger the life, limb, property or other right of any person entitled to use the highway. If through the negligent conduct of the driver of a vehicle of any kind the pedestrian suffer injury, but his own want of due care directly contributes thereto, he is not entitled to recover. The general rule is laid down in 38 Cyc. 912, thus: "Foot-passengers and drivers of vehicles have equal rights on the streets and both are bound to exercise commensurate care to avoid injury. Negligence of the driver of a vehicle in driving carelessly is actionable where it results in injuries to a pedestrian using the streets, provided the latter does not, through his own contributory negligence, preclude his right to recover."

At a street crossing a wayfarer need only exercise such
[2]   reasonable care as the case requires, for he has the right
to assume that a driver will also exercise due care and approach
the crossing with his vehicle under proper control. Both are
required to exercise the degree of care that the conditions de-
mand. (*Baker* v. *Close*, 204 N. Y. 92, 38 L. R. A. (n. s.) 487,
97 N. E. 501; *Schoepp* v. *Gerety*, 263 Pa. 538, 107 Atl. 317;
*Hempel* v. *Hall*, 136 Md. 174, 9 A. L. R. 1248, 110 Atl. 210.)

It is insisted that instructions 1, 3 and 4 were erroneous
[3]   because the court did not submit the question of the plain-
tiff's contributory negligence raised by the pleadings and evi-
dence, regardless of the blame, if any, placed or to be placed
on the defendant. In other instructions, given over the plain-
tiff's objection, the court correctly charged the jury on the
question of contributory negligence, and when those instruc-
tions are read in connection with those complained of, they
will be found to be free from the objection made by counsel
for the defendant.

Another objection to instruction numbered 3 presents a more
[4]   difficult question. The court charged the jury "That it
is the law of the state of Montana that in cities, towns or vil-
lages vehicles turning corners to the right must keep close to
the right-hand curb, and a failure to do this constitutes negli-
gence on the part of the person operating said vehicle and said
vehicle and said person is liable in damages for any injury
proximately resulting from his failure to keep close to said
right-hand curb when turning said corner."

Defendant's objection was that the instruction given elimi-
nated any reason that might have existed by reason of the
physical characteristics of the highway, such as the post shown
by uncontradicted evidence to have existed between the right-
hand curb and the center of the highway.

The evidence was that there was a telephone pole standing
out in the street from the curb something like six feet, and
that it was physically impossible for the defendant to have

kept close to the right-hand curb in rounding the corner. It further showed that the roadway between the beaten path and the curb was very rough and irregular and that there was "a sort of a gully on either side"; that the traveled portion of the street with reference to the pole was such that a "short turn" could not be made because the telephone pole stood out in the road, and, in order to make an ordinary turn, it was necessary to drive just about the center of the road and perhaps a foot over. This left the jury with the understanding that the statute, as expounded by the court in this instruction, was to be literally applied, regardless of the position of the telephone pole or the physical conditions between the center of the street and the curb, and forced the inference that the defendant was liable because the proximate cause of the accident was defendant's failure to keep "close to the right-hand curb" in making the turn into West Silver Street. The instruction was therefore inapplicable and misleading.

The provisions of the statute referred to are elastic and do not attempt to lay down definite and rigid rules without reference to changing conditions in the streets and highways, their freedom from other vehicles, moving or stationary, or fixed or permanent objects in the avenues of traffic, or the position a person operating a vehicle shall occupy to be free of negligence. (*Domke* v. *Gunning*, 62 Wash. 629, 114 Pac. 436.) The failure of the court to direct the attention of the jury to the position of the telephone pole and the physical conditions between the center of the street and the curb left them no discretion but to find that the defendant was guilty of negligence because she failed to observe the strict mandate of the statute, despite the fact that it was apparently impossible for her to do so. That the jury so understood the court and wholly disregarded the undisputed evidence as to the physical conditions at the place of the accident can hardly be questioned. The overruling of defendant's objection to this part of the

charge was therefore an error necessitating a reversal of the judgment.

A majority of the court are of the opinion that the verdict is excessive. A reversal of the case being required upon the grounds indicated, a consideration of that question is unnecessary. The judgment is reversed and the cause remanded, with directions to the district court to grant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.