GREEN, Appellant, *v.* CITY OF ROUNDUP, Respondent
No. 8512
Submitted April 9, 1945. Decided April 18, 1945.
157 Pac. (2d) 1010

250

Mr. F. N. Hamman and Mr. Lloyd I. Wallace, both of Polson, for Appellant.

Mr. G. J. Jeffries, of Roundup, for Respondent.

MR. JUSTICE CHEADLE delivered the opinion of the court.

The former opinion herein, dated March 17, 1945, was withdrawn by order granting petition for rehearing, and the following decision rendered upon final submission on rehearing.

This action was brought against the city of Roundup to recover damages for personal injuries alleged to have been sustained as the result of the driving of an automobile in which plaintiff was a passenger, into a ditch or trench excavated by the defendant city in one of its streets. The complaint alleges negligence by the excavation of the trench or ditch and failure of the city to place danger or warning signs calling attention to such condition. At the conclusion of plaintiff's case the defendant moved for a judgment of non-suit, which motion was granted and the action dismissed. Motion for a new trial was denied.

It was neither alleged nor proved that written notice of the injury was given the city as provided by Sec. 5080, Revised Codes, as amended by Chapter 122, Laws of Montana, 1937. The trial court held, as appears by its memorandum opinion, that failure to allege and prove the giving of such notice was fatal to plaintiff's cause and that the city could not be held liable in the absence of a showing that it had been given. Appellant contends that the proviso contained in the 1937 amendment

dispensed with the necessity of such notice under the circumstances of this case.

Sec. 5080, prior to the 1937 amendment, provided: "Before any city or town in this state shall be liable for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk, culvert, park, public ground, ferry-boat, or public works of any kind in said city or town, the person so alleged to be injured, or someone in his behalf, shall give to the city or town council, or trustee, or other governing body of such city or town, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred."

The amendment adds a provision that before a city or town shall be liable for damages by reason of any such defect or obstruction, it must first be shown that it had actual notice thereof and reasonable opportunity to repair or remove the same before such injury or damage was received. The requirement of notice of the injury, above quoted, was retained in the section with the further requirement that such notice shall be in writing. The provision for actual notice of the defect or obstruction appears in the present law ahead of the provision for written notice of the injury, the two provisions being separated by a semicolon. The amendment added the following proviso, which appears as the concluding sentence in the section: "Provided, however, that this section shall not exempt cities and towns from liability for negligence because of failure to properly place signs, markers or signals to warn persons of excavations or other obstructions existing and caused by said city or town, upon any bridge, street, alley, road, sidewalk, pavement, culvert, park, public ground, ferryboat or public works of any kind."

Appellant's first specification of error is that of the trial court's interpretation of Sec. 5080, Revised Codes, as amended, as applied to this case.

This section was enacted as Sec. 1, Chapter 93, Laws of 1903,

 and remained in its original form until amended in 1937. The problem confronting us is the determination of the intention of the legislature by the adoption of the amendment, in so far as it affects this case. Respondent argues that the legislative intent was to restrict the liability of cities and towns for damages resulting from defects in streets, sidewalks, etc., and that, therefore, the exemption must be construed as applicable only to the requirement of actual notice of defects, under certain conditions, and not to the requirement of notice of the injury. Obviously, the effect of the whole amendment was to restrict the liability of cities and towns, and no doubt the legislature so intended. But a consideration of the language used in the proviso does not permit us to conclude that the legislature did not intend that, under the conditions enumerated, the requirement of notice of the injury should be removed. The court can neither legislate, nor substitute its judgment for that of the legislature. In construing legislative enactments our function is to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, nor to omit what has been inserted, and, where there are several provisions, to adopt such a construction, if possible, as will give effect to all. (Sec. 10519, Revised Codes; Maki v. Anaconda Copper Min. Co., 87 Mont. 314, 287 Pac. 170; Clark v. Olson, 96 Mont. 417, 31 Pac. (2d) 283.) Where the terms of a statute are plain, unambigious, direct and certain, the statute speaks for itself; there is naught for the court to construe. (Chmielewska v. Butte & Superior Mining Co., 81 Mont. 36, 261 Pac. 616.) While it is the general rule that it is the duty of this court to ascertain the intention of the legislature, if possible, it is equally true that the intention must be gathered from the language employed by the lawmakers. (Mills v. State Board of Equalization, 97 Mont. 13, 33 Pac. (2d) 563; State ex rel. Murray v. Walker, 64 Mont. 215, 210 Pac. 90.)

The history of the amendment does not aid in a determina-
 tion of the legislative intent. When introduced as House Bill 263, it did not contain the proviso, which was added by

the Senate after considerable procedural maneuvering. The wording of the proviso may not reflect the true intent of the legislature, but it is not ambigious and its meaning seems to be clear. The declaration that this section shall not exempt cities and towns from liability, etc., plainly refers to the whole of the section, and therefore means that the municipality shall not be exempt from liability by reason of the lack either of actual notice of the defect, or written notice of the injury, under the conditions specified. It follows that in cases where such conditions prevail notice of injury need not be given as in other cases. Whatever the unexpressed legislative intent may have been, we must hold that such is the effect of the proviso. To hold otherwise would be to ignore the plain language used, and to permit legitimate claimants to be lulled into a sense of false security in relying upon the apparent meaning.

The remaining specifications relied on by appellant are that the court erred as a matter of law in sustaining the motion for non-suit, and that the judgment is contrary to law and the evidence.

The complaint alleges that the defendant city wrongfully, carelessly and negligently excavated a deep, narrow and dangerous ditch or trench upon and over the public street known as Second Street, at its intersection with Second Avenue, in the city of Roundup, without any warning or danger signs, or other means of calling attention to same, and leaving a ridge of earth upon said street at the west edge thereof, and at its intersection with said Second Avenue, without placing warning signs. It further alleges that on the date in question the plaintiff, while a guest in the rear seat of an automobile, was traveling in a westerly direction on Second Avenue; that the car was being driven in a careful and cautious manner, the plaintiff and her son being unaware of any danger; that plaintiff's son accidentally drove the automobile into the said ditch or trench, with the result that plaintiff was thrown out of the seat and against the top of the car, with the resultant injuries alleged.

Defendant's answer denies any negligence on its part, and

alleges that any injury suffered by plaintiff was proximately caused and contributed to by plaintiff's own fault and carelessness and the negligence of her son.

The record is barren of evidence of any ditch or trench on or across Second Street, although there is evidence of a ridge of dirt extending across, or partly across, Second Avenue at its intersection with that street. Both plaintiff and the driver testified that they saw this ridge before reaching it. Asked to describe the condition, the latter said: "Gravel and dirt were graded up into a ridge on Second Street where it crossed Second Avenue. The ridge had a gradual raise from the side I was approaching, but dropped off sharply on the other side. There was a drop of about a foot. I could not see the drop until I was right on it." He stated that immediately preceding the accident the speed of the car had been reduced to between ten and fifteen miles per hour. There were no signs to warn of the obstruction. The injury occurred in broad daylight, at four or five o'clock in the afternoon.

As stated, the evidence failed to prove the existence of a trench or ditch in the street, as alleged in the complaint, but did tend to show the existence of a ridge of dirt. This evidence was admitted without objection, and under such circumstances the complaint will be deemed to have been amended to conform to the proof. (St. George v. Boucher, 84 Mont. 158, 274 Pac. 489; Harrington v. Deloraine Refining Co., 99 Mont. 78, 43 Pac. (2d) 660.)

Defendant alleges contributory negligence. It is to be remembered that plaintiff was a passenger in and not the driver of the automobile. Under the evidence here, the court might possibly have found that the driver was negligent. But the rule is that generally his negligence is not imputed to the passenger as a matter of law. (Black v. Martin, 88 Mont. 256, 292 Pac. 577.) In such cases, the passenger must take only such precautions for his own safety as under the particular circumstances are reasonable; he is not absolved from the duty of using ordinary care for his own safety. (Black v. Martin,

supra; Laird v. Berthelote, 63 Mont. 122, 206 Pac. 445.) As is said in Baatz v. Noble, 105 Mont. 59, 69 Pac. (2d) 579, 582: "We approve the ruling of this court as declared in the case of Marinkovich v. Tierney, 93 Mont. 72, 17 Pac. (2d) 93, 98, wherein it was said: 'The primary duty of caring for the safety of the vehicle and those riding in it rests upon the driver; a mere gratuitous passenger should not be held guilty of contributory negligence as a matter of law, until he in some way actively participates in the negligence of the driver, or is aware of the incompetence or carelessness of the driver, or knowing that the driver is not taking proper precautions while approaching a place of danger, fails to warn or admonish the driver.' "

The question of contributory negligence of plaintiff was one of fact which should have been submitted to the jury. And under the evidence the question of the proximate cause of the injury also was one of fact.

For the reasons stated we hold that the trial court erred in granting defendant's motion for judgment of non-suit and dismissal of the action. The judgment is reversed and the cause remanded for a new trial.

Mr. Chief Justice Johnson and Associate Justices Adair, and Angstman concur.