LARUE M. WOLF, PLAINTIFF AND APPELLANT, *v.* BARRY
O'LEARY, INC., A CORPORATION, DEFENDANT AND RESPOND-
ENT.

No. 9556.
Submitted September 12, 1957. Decided November 7, 1957.
Rehearing Denied December 13, 1957.
318 Pac. (2d) 582.

Mr. Justice Angstman dissented on motion for rehearing.

Mr. Joseph P. Hennessey, Billings, Mr. M. J. Doepker, Butte,
for appellant.

Messrs. Wiggenhorn, Hutton, Schlitz & Sheehy, Billings, for respondent.

Mr. Hennessey and Mr. John C. Sheehy argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an appeal from a judgment for the defendant, Barry O'Leary Inc., in a personal injury suit instituted by the plaintiff, LaRue M. Wolf.

On the evening of May 21, 1954, the plaintiff was riding in an automobile driven by her husband Benny Wolf. They, with two of their friends, had been to a dance at Dave's Inn on Highway No. 10, east of the City of Billings. They left their friends on the Billings Bench about 2:00 a.m. on the morning of May 22, and proceeded along old Highway No. 10 to a point where it intersects with new Highway No. 10 near the fairgrounds at the edge of the City of Billings. Benny Wolf stopped at this intersection then crossed Highway No. 10 onto 6th Avenue North leading into the City of Billings.

At that time he proceeded along 6th Avenue North, traveling in a westerly direction. The weather conditions that night, by the uncontradicted testimony of the witnesses for both plaintiff and defendant, consisted of a very light drizzle which did not tend to obstruct visibility to any appreciable degree. While traveling along 6th Avenue North the plaintiff's husband ran into a ditch dug by the employees of the defendant the previous afternoon. As a result of the collision with the ditch the plaintiff suffered certain alleged injuries for which she brought this action.

The complaint alleges that the servants of the defendant dug the ditch; that the ditch extended about three quarters of the way across the street; that it was the duty of the defendant to safeguard the driving public by maintaining good and sufficient barricades and lights at the excavation for their protection. Contrary to this duty it is alleged that defendant left the excavation open and unguarded and without warning or signal lights to indicate its presence, knowing that the driving pub-

lic were accustomed to and were likely to travel upon said avenue and thereby be endangered; that as a result of this failure to warn and protect the driving public, the plaintiff's husband, while driving in a reasonable and prudent manner, drove his car into the hole, as a direct and proximate result of which the plaintiff suffered certain enumerated injuries.

The answer of the defendant admits the excavation, but alleges that it was well guarded and protected; admits plaintiff's husband drove his car into the hole and denies each and every other allegation of the complaint.

As an affirmative defense defendant alleged the contributory negligence of the plaintiff in not remonstrating her husband for driving too fast under adverse weather conditions and in not keeping a proper lookout. The reply of the plaintiff puts in issue these allegations.

At the trial of the action it was established that 200 feet east of the accident there was a highway marker which stated the speed limit to be twenty-five miles per hour. Benny Wolf and plaintiff testified they knew of the sign, but that they were driving well within the restriction. They testified that just about two blocks from the scene of the accident a car, moving at an estimated speed of forty miles per hour, passed them; that they proceeded behind this car maintaining their former speed when they observed it slowing down. They moved upon it very quickly and were about to pass it when it suddenly shot ahead, whereupon Benny Wolf testified he then pulled back into his former position. It was at this point that he perceived the ditch and slammed on his brakes. The car however skidded fifty feet, crossed the ditch and landed on the other side pushing over some of the dirt, estimated at about a yard, from the ditch embankment. Both Benny Wolf and the plaintiff testified that at the time the brakes were applied they were proceeding at the speed of about twenty to twenty-five miles per hour; that there were no warning lights burning, no barricades visible, or any other warning device apparent at the excavation.

Three other witnesses for the plaintiff testified that just subsequent to the time of the accident they had not observed any lights burning or barricades visible as they approached the excavation. The testimony of defendant's servants was to the effect the lights and barricades were placed properly at five o'clock the previous afternoon and the lights were burning when they left. Another witness testified they were burning at about 10:00 o'clock the previous night. A highway patrolman estimated the speed of Benny Wolf's car at fifty miles per hour when Benny applied the brakes fifty feet from the ditch. He based his estimate on the length of the skid marks plus the fact the car had completely hopped the ditch and collided with the pile of dirt on the west side of the ditch.

On cross-examination plaintiff's attorney adduced the fact that the road was slippery, especially so just east of the ditch because of certain clods of dirt and mud deposited there in the digging; that because of this slippery condition a car would skid further than on dry pavement, so that any estimate based upon skid marks on dry pavement would necessitate revision to allow for such slipperiness.

The court instructed the jury and they rendered a verdict for the defendant, upon which plaintiff moved for a new trial. The motion was denied by the District Court, and the plaintiff appeals to this court upon twelve alleged specifications of error.

In specification number nine the plaintiff alleged error in the trial court for giving the following Instruction:

"Contributory negligence is such negligence on the part of LaRue Wolf as *helped* to produce the damages complained of, and if you find from a preponderance of the evidence in this case that LaRue Wolf was guilty of any act of negligence alleged in defendant's answer or as shown by the evidence that proximately caused or *contributed* to the damages complained of, then the plaintiff cannot recover in this action, and your verdict must be for the defendant, regardless of whether or not

you find that the defendant was also guilty of negligence."
Emphasis supplied.

The court also gave another Instruction, No. 17, defining contributory negligence, as follows:

"You are instructed that contribtuory negligence in its legal signification, is such an act or omission on the part of a plaintiff amounting to a want of ordinary care as, concurring or cooperating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of."

The question arises whether this instruction, read in connection with the instruction referred to in specification number nine, gives a correct statement of the law. If it does, then no error can be predicated upon the instruction read alone because the test is whether in the light of the other instructions given an instruction, though erroneous actually prejudiced the party complaining. McGregor v. Weinstein, 70 Mont. 340, 344, 225 Pac. 615.

This court has uniformly set down the rule that for contributory negligence to be available as a defense the plaintiff's conduct must amount to a want of ordinary care, which concurring and cooperating with the negligent act of the defendant *is a proximate* cause of the injury. Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 Pac. (2d) 1025; Hughey v. Fergus County, 98 Mont. 98, 37 Pac. (2d) 1035; Daniels v. Granite Bi-Metallic Co., 56 Mont. 284, 184 Pac. 836; Neary v. Northern Pacific Ry. Co., 41 Mont. 480, 110 Pac. 226.

In the Fulton case, supra, 98 Mont. at page 67, 37 Pac. (2d) at page 1031, this court made the following statement regarding conduct amounting to contributory negligence: "The very essence of contributory negligence is a want of ordinary care on the part of the plaintiff which is *a proximate cause,* an occasion, of the injury; *not only must the negligence of one injured by the culpable negligence of another contribute to the injury, but it must contribute as a proximate cause, not as a remote cause.* * * *

"* * * Did he, or did he not, in the circumstances, act

as would an ordinary prudent man? This question, with that of proximate cause and, consequently, contributory negligence, is ordinarily for the jury." Emphasis supplied.

In McCulloch v. Horton, 105 Mont. 531, 546, 74 Pac. (2d) 1, 6, 114 A.L.R. 823, this court quoted approvingly from 1 Thompson's Commentaries on the Law of Negligence, section 170, wherein it was said: " '* * * if the negligence of the person killed or injured was the *remote* or *far-off* cause of the catastrophe, and that of the defendant was the proximate or near cause of it, the law permits the plaintiff to recover damages; and yet in such a case it cannot be said that the negligence of the person killed or injured did not, *in some degree*, contribute to produce the death or injury'."

The court then referring to the instruction proposed in that case said: "It should be remembered that the proposed instruction used the words 'contributed to' rather than the word '*caused*,' and proposed to preclude recovery if slight negligence of plaintiff contributed to the injury. This is not the modern rule, though it finds some support in the authorities." Emphasis supplied.

In Beach, Contributory Negligence (2d ed.) section 26, pages 31, 32, the author points out that for contributory negligence to be available as a defense "There must be not only negligence on the part of the plaintiff, but *contributory* negligence, a real causal connection between the plaintiff's negligent act and the injury, or it is no defense to the action. So it is said that a plaintiff's negligence must *substantially* contribute to produce the injury, in order to avail the defendant anything, and also that it must not only concur in the transaction, but also co-operate in producing the injury. * * * So also there is a line of cases to the effect that, when the plaintiff, though negligent, could not, by the exercise of ordinary care, have escaped the consequence of the defendant's negligence, he may recover." This statement is supported by the Montana cases cited above.

Looking now to the instruction upon which the plaintiff predicates error, we find that the District Court in de-

fining the causal relationship between the acts of plaintiff and the injury alleged utilized the words "helping" and "contributing." This was misleading and incorrect. In Pilgeram v. Hass, 118 Mont. 431, 167 Pac. (2d) 339, 349, this court said: "In an action involving contributory negligence the court should soundly define it."

By utilizing the words "helping" and "contributing" the trial court mislead the jury into believing that these were criteria upon which they could predicate contributory negligence. This was manifestly incorrect as illustrated by the aforementioned authorities. "Helping" and "contributing" have never been the standard set down by this court upon which to base a causal relationship. We have always adhered to the strict formula of "proximate cause." No less formula will suffice to give the jury a correct instruction on contributory negligence. The plaintiff's fault does not affect her right of action, unless it *proximately* caused her injury. It must be a proximate cause, in the same sense in which the defendant's negligence must have been a proximate cause in order to give any right of action. Plaintiff's conduct must not only "contribute" to the injury, but must "contribute" *as a proximate cause*. Fulton v. Chouteau County Farmers' Co., supra.

By utilizing the words "helping" and "contributing" the trial court mislead the jury and failed to soundly define contributory negligence. For that reason the jury might very well have based their verdict on the standard set up by the trial court rather than upon the true standard of "proximate cause." Therefore the instruction as given was prejudicial to the plaintiff.

Defendant argues that assuming the instruction as given was erroneous the jury could have reached its result under any of three theories. Suffice it to say that when a case has been submitted on an erroneous instruction, prejudicial, as in this case to the defeated party, the judgment will be reversed. Paxton v. Woodward, 31 Mont. 195, 78 Pac. 215, 107 Am. St. Rep. 416, and where it is impossible to say upon what theory

or under what part of the court's charge a verdict is based error under what part of the court's charge a verdict is based, error in any one of the instructions which is prejudicial and which may influence the jury, entitles the unsuccessful party to a new trial. Kirk v. Smith, 48 Mont. 489, 138 Pac. 1088.

The plaintiff argues in her brief that the jury was confused on the question of imputed negligence. She contends that the court did not clarify the relationship of the plaintiff to her husband. However the court instructed the jury in the following manner on this point: "The court instructs you in this case that the negligence of the driver of the automobile in which plaintiff was riding, if you find that said driver was negligent, cannot be imputed to the plaintiff." This was a correct instruction as is reflected in the many Montana cases which involve the question of imputed negligence. Laird v. Berthelote, 63 Mont. 122, 206 Pac. 445; Black v. Martin, 88 Mont. 256, 292 Pac. 577; Marinkovich v. Tierney, 93 Mont. 72, 17 Pac. (2d) 93; Baatz v. Noble, 105 Mont. 59, 69 Pac. (2d) 579; Broberg v. Northern Pac. Ry. Co., 120 Mont 280, 182 Pac. (2d) 851; Green v. City of Roundup, 117 Mont. 249, 157 Pac. (2d) 1010.

We have examined the remainder of plaintiff's specifications of error and find them without merit. However, the court having erred in submitting the case to the jury on the prejudicial instruction, the case is remanded to the District Court with instructions to grant the plaintiff a new trial.

MR. JUSTICES CASTLES, ANGSTMAN, and BOTTOMLY, concur.

MR. JUSTICE ADAIR: (specially concurring).

In Laird v. Berthelote, 63 Mont. 122, 206 Pac. 445, the facts and conditions there shown were quite similar to those which here obtain. There a wife riding in a car being driven in the nighttime by her husband was injured when the car ran into a trench that had been dug in the highway. This court there

held that the negligence, if any, of the husband was not imputable to the wife, nothing appearing that she was in control of the car or directing the driving.

In Green v. City of Roundup, 117 Mont. 249, 254, 157 Pac. (2d) 1010, 1012, this court said: "It is to be remembered that plaintiff was a passenger in and not the driver of the automobile. Under the evidence here, the court might possibly have found that the driver was negligent. But the rule is that generally his negligence is not imputed to the passenger as a matter of law. Black v. Martin, 88 Mont. 256, 292 Pac. 577. In such cases, the passenger must take only such precautions for his own safety as under the particular circumstances are reasonable; he is not absolved from the duty of using ordinary care for his own safety. Black v. Martin, supra; Laird v. Berthelote, 63 Mont. 122, 206 Pac. 445. As is said in Baatz v. Noble, 105 Mont. 59, 69 Pac. (2d) 579, 582: 'We approve the ruling of this court as declared in the case of Marinkovich v. Tierney, 93 Mont. 72, 17 Pac. (2d) 93, 98, wherein it was said: "The primary duty of caring for the safety of the vehicle and those riding in it rests upon the driver; a mere gratuitous passenger should not be held guilty of contributory negligence as a matter of law, until he in some way actively participates in the negligence of the driver, or is aware of the incompetence or carelessness of the driver, or knowing that the driver is not taking proper precautions while approaching a place of danger, fails to warn or admonish the driver." ' "

The plaintiff is entitled to a clear instruction based upon the above-cited cases informing the jury that generally a motorist's negligence is not imputed to a passenger in an automobile as a matter of law. I concur in the order reversing the judgment and remanding the cause for a new trial under proper instructions.

MR. JUSTICE ANGSTMAN: (dissenting).

Further study of this case on motion for rehearing has convinced me that the court's instructions when read and con-

sidered together, correctly presented the applicable law to the jury.

In at least three instructions the court made it clear that before contributory negligence would bar recovery it must have been the proximate cause of plaintiff's injuries.

In this respect the case is controlled by that of Hightower v. Alley, 132 Mont. 349, 318 Pac. (2d) 243.

I think therefore that the opinion heretofore promulgated should be changed accordingly or the petition for rehearing granted.