DARRELL HIGHTOWER, As Administrator of the Estate of GEORGE W. HIGHTOWER, Deceased, Plaintiff and Appellant, v. BEN ALLEY, Defendant and Respondent.

No. 9405.

Submitted September 12, 1957. Decided November 20, 1957.

318 Pac. (2d) 243.

Mr. A. W. Stow, Billings, Mr. M. J. Doepker, Butte, for appellant.

Messrs. Wood, Cooke & Moulton, Mr. W. H. Bellingham, and Mr. B. E. Longo, Billings, for respondent.

Mr. Doepker and Mr. Bellingham argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff has appealed from a judgment entered on a verdict in favor of the defendant after his motion for new trial was denied.

The action is to recover damages sustained by the widow and other heirs for the alleged wrongful death of George W. Hightower alleged to have been caused by the negligence of defendant in driving his automobile against him. The complaint charges negligence on the part of defendant in traveling at a high and dangerous rate of speed, failing to have his automobile under proper control, and driving on the left-hand side of the highway.

The answer of the defendant denies negligence on his part and contains an affirmative defense in which it is alleged in substance that the injuries and death of Hightower were directly and proximately caused by his own negligence in walking into and against defendant's car; that his negligence consisted of failure to keep a proper lookout for his own safety; by leaving a place of safety and stepping into a place of danger; by failing to yield the right of way to defendant's automobile; by suddenly changing the direction of his travel when it was too late for defendant to swerve or otherwise avoid colliding with him; and by voluntarily placing himself in a position of danger by walking onto the highway when there was a place of safety at hand and accessible to him.

The facts are these: Deceased who was then about 76 years of age, died in the Deaconess Hospital at Billings, Montana, about five days after being struck by an automobile, owned and driven by defendant, while crossing U. S. Highway No. 10 as a pedestrian, at a point approximately in front of a country

store known as Smith's Grocery Store, about four miles east of the City of Billings. The collision occurred on August 13, 1952.

Defendant and his wife were the only eyewitnesses to the accident.

Witness Rogers, a farmer, who was in his field about 400 feet from the scene of the accident, testified he saw Hightower start to run across the highway in front of the store and heard the brakes squeak, but could not see him thereafter because the defendant's car obstructed his vision. After the car continued on, he saw Hightower lying on the road.

Witness Mossman was irrigating in a field about 200 yards east of the highway, and had his back to the road when he heard the horn of a car honking and the brakes screeching. As he looked in the direction from which the noise came, he saw the car swerve to the east side of the road and then swerve back to the west and stop. He then went over to the scene and noticed Hightower lying parallel to the center line, approximately three feet to the east thereof, with his head to the south and feet to the north.

The gist of the testimony of defendant is that he and his wife were traveling in a super series 1950 model Buick and pulling a two-wheeled tandem trailer of 1,000 pounds capacity which was carrying a load of 700 pounds at the time of the collision. They left Forsyth at 6:30 a. m., on August 13, 1952, and were traveling west toward Billings. About two miles before reaching the point of the accident they had been traveling at a speed of about fifty miles an hour, more or less. They then came to a forty-five mile per hour sign and thereupon reduced their speed to forty miles per hour; from that point the visibility was plain as they approached Smith's Grocery traveling in a general southerly direction; defendant who was driving the car saw the deceased 300 feet away walking toward the road; Hightower was then "right at the side of the highway just before you step upon the oil." Defendant sounded his horn and straddled the center line of the road; Hightower took two or three steps to-

ward the center of the oiled road and then stopped; defendant pulled further to the left side of the road figuring Hightower had seen him coming and would remain where he had stopped until defendant passed; as he drove on further he looked out of the side of his windshield to the right and saw Hightower dash toward the car; defendant swung his car more to the left and then felt the impact; he put his brakes on when he saw the man dash toward the car; after the impact defendant pulled over to the side of the road, went back to the point of the impact and found Hightower lying in the road about three feet to the east of the center line.

On cross-examination defendant testified as follows: that when Hightower stepped out into the road defendant slowed his speed to twenty or twenty-five miles per hour; Hightower was then five or six feet in from the west edge of the oiled surface, and standing still; defendant was not going to take any chance on going on the right side of Hightower; he could have pulled on the right side but was afraid that Hightower might step backward and defendant might then hit him head on; Hightower did not look like he was confused when standing in the road; the brakes of defendant's car were in good condition; there were no obstructions to his vision and there were no cars coming from the opposite direction at the moment; that the right-hand side of defendant's car just behind the light seemed to have been rubbed hard, and at the bulge of the rear fender there was a small indentation.

This circumstance would indicate that Hightower ran into the side of defendant's car and was not hit by the front of the car. Defendant's testimony in its essentials was corroborated by that of his wife.

Plaintiff recognizes the rule that the questions of negligence and contributory negligence are usually for the jury under appropriate instructions as this court stated in Marsh v. Ayers, 80 Mont. 401, 260 Pac. 702. His contention is that certain evidence was excluded which should have been admitted, and that the jury was not correctly instructed.

By specifications of error, Nos. I, II and III, plaintiff questions the propriety of the court's action in excluding certain evidence offered by him.

The evidence offered and excluded was designed to establish the usual walking and running speeds of a human being, and the time it would take for an average person to run across the highway. This evidence was offered through a highway patrolman who was submitted as an expert on the subject.

The trial court, over objection, permitted the patrolman to testify that at five miles an hour a man would travel seven feet and four inches per second, and that at three miles an hour, or about four feet per second, a man would take five and one-half seconds to walk twenty-two feet, which was the distance from the edge of the gravel on the west side of the highway to the point where the body lay on the highway; that at six miles an hour a man would travel eight and one-half feet per second.

The court properly excluded evidence of the walking and running speed of an average person.

It was not a proper subject of expert testimony. The conclusions sought from the witness were matters within the range of ordinary training and common observation, Kelley v. John R. Daily Co., 56 Mont. 63, 181 Pac. 326; State v. Keeland, 39 Mont. 506, 104 Pac. 513, and the jurors were capable of forming their own opinion or inference on the subject. Leybold v. Fox Butte Theater Corp., 103 Mont. 232, 62 Pac. (2d) 223. Likewise it is questionable whether there is any average walking or running speed of 76 year old men.

Plaintiff further contends that the court erred in rejecting evidence of experiments made by an athletic director clocking the speed of an individual as to time required to walk and to run across the highway at the point of the accident. Such evidence was inadmissible because the conditions existing were not shown to be substantially identical, and particularly the speed of the deceased in crossing the road was not known so as to warrant a comparison with the walking or running speed of

the person performing the experiment, who was one of plaintiff's counsel and about eleven years younger than deceased. Compare State v. Keller, 126 Mont. 142, 246 Pac. (2d) 817; 32 C. J. S., Evidence, section 590, page 442; 20 Am. Jur., Evidence, section 756, page 628; Collins v. Graves, 17 Cal. App. (2d) 288, 61 Pac. (2d) 1198.

On the question of instructions plaintiff contends that it was error to give court's Instruction No. 10 reading: "You are instructed that before attempting to cross the highway, it was the duty of George W. Hightower to make reasonable observations to learn the traffic conditions confronting him, to look to that vicinity from which, were a vehicle approaching, it would immediately endanger his passage, and to try to make a sensible decision whether it was reasonably safe to attempt the crossing. What observations the said George W. Hightower should have done for his own safety while crossing the highway, are matters which the law does not attempt to regulate in detail and for all occasions, except in this respect. It did place upon him the continuing duty to exercise ordinary care to avoid an accident."

Plaintiff contends the instruction placed undue prominence on the duty of deceased and is not applicable to the facts of the case. While the instruction is unnecessarily lengthy it cannot be said to be prejudicial to the rights of plaintiff.

In this state a pedestrian and a motorist have equal rights in the use of a public highway, Green v. Bohm, 65 Mont. 399, 211 Pac. 320, but a pedestrian must use ordinary care for his own safety, and that in substance and effect is the only duty placed upon the pedestrian by the instruction.

Plaintiff contends that the court erred in giving Instruction No. 18 reading: "If from the evidence before you, you find that both the decedent, George W. Hightower, and the defendant, Ben Alley, were guilty of negligence in some particular as charged, and that such negligence, if any, proximately caused or contributed to the death of the said George W. Hightower, then the court instructs you as a matter of law that the plaintiff

cannot recover in this action, and your verdict must be in favor of the defendant.''

Specifically it is contended that the instruction conflicts with Instruction No. 5 given by the court which reads as follows: ''On the issue of contributory negligence, if any, of the deceased, George W. Hightower, you are instructed that his negligence, if any, if it was a proximate cause of his injury and death would be a complete defense to this action by his administrator.

''You are instructed, however, that any negligent act or omission of the deceased which may have contributed remotely to his injury would not be such defense if it was not an immediate and proximate cause of his injury and death.

''And in such event if a wrongful act, neglect, omission or default of defendant was the immediate and proximate cause of the injury and death of the deceased which defendant, by the exercise of reasonable care and prudence might have prevented, he is not relieved from liability by the remote neglect or default of deceased, and you should in that event find in favor of the plaintiff and against the defendant on that issue.''

It is our view that the two instructions are not conflicting. All the law applicable to a given case cannot be given in one instruction. All the instructions given must be considered together. Koppang v. Sevier, 106 Mont. 79, 75 Pac. (2d) 790; Reynolds v. Trbovich, Inc., 123 Mont. 224, 210 Pac. (2d) 634. When considered together the two instructions make it clear that before the contributory negligence of decedent would bar recovery it must contribute not remotely to his injury and death but immediately and as a proximate cause thereof. As thus construed, they correctly state the rule of law applicable. Compare Pilgeram v. Haas, 118 Mont. 431, 167 Pac. (2d) 339; Wolf v. Barry O'Leary, Inc., 132 Mont. 468, 318 Pac. (2d) 582.

Plaintiff contends that the court erred in not giving his proposed Instruction No. 30 which pertained to the last clear chance rule. In Montana requisite facts must be alleged in the

complaint to support the doctrine of last clear chance. Pollard v. Oregon Short Line R. Co., 92 Mont. 119, 11 Pac. (2d) 271.

Here neither the pleadings nor the proof present the issue ██ of the last clear chance. Here decedent did not come into a position of peril any appreciable length of time before the injury. Had he stood still defendant would have avoided striking him. Here the evidence shows that it was the sudden running of the deceased into the moving automobile that produced his injuries and death. Under the evidence defendant had no reasonable opportunity to avoid striking Hightower after he took this perilous step. Under such circumstances an instruction on last clear chance has no place in the case. Correnti v. Catino, 115 Conn. 213, 160 A. 892.

Complaint is made of the refusal to give other proposed instructions offered by plaintiff. We have given careful consideration to all of the questions thus raised. Our conclusion is that the court did not prejudice any right of plaintiff by refusing the offered instructions. The points involved were either adequately covered by other instructions given or the proposed instructions were not correct statements of the law applicable.

The court adequately and correctly instructed the jury with reference to all the material points of law involved.

Finding no reversible error in the record the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR JUSTICES CASTLES and ADAIR, concur.