LYDIA LEICHNER, Plaintiff and Appellant, v. RITA CHROMY BASILE, Individually, and doing business as the Bella Vista Club, and GREGORY KALARIS, Executor of the Estate of Mike Basile, Deceased, Defendants and Respondents.

No. 10642

Submitted April 8, 1964. Decided August 14, 1964.

Rehearing Denied September 1, 1964.

394 P.2d 742.

142

Franklin A. Lamb (argued), Billings, for appellant.

Anderson, Symmes, Forbes, Peete & Brown, Billings, Weymouth D. Symmes (argued), Billings, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment in favor of defendants, entered upon a jury verdict.

The Bella Vista Club is a night-club in Billings, Montana. Defendants are the owners and operators. Plaintiff went to the Club in company with three others on the night of June 19, 1961. She was admittedly a business invitee. According to her testimony, she asked an employee of the Club for directions to the rest room and was directed to a poorly illuminated hallway. While passing through the hallway, plaintiff stepped upon a landing, and then fell from the step down from the landing which she claimed to be obscure and difficult to observe because of the poor lighting. Plaintiff alleged negligence on the part of defendants in failing to erect warning signs, failing to warn plaintiff, and failing to properly illuminate the step and hallway. Plaintiff further alleged that as a result of such negligence she was permanently injured and damaged in the sum of $50,565.82.

Defendants' testimony was to the effect that the hallway was adequately lighted, but asserted that plaintiff was not watching where she was stepping and that her conduct was the proximate cause of the accident. More will be said concerning the facts as they might apply to the questions involved.

Plaintiff, appellant, alleges five specifications of error. All five alleged errors deal with instructions refused or given.

The first error alleged is the trial court's refusal to give plaintiff's offered Instruction No. 1. The instruction was a long factual instruction setting forth the allegations of the complaint and some of the allegations of the answer. Plaintiff gives no reason for alleging error, cites no authority, and merely states that this court's expression on the subject would be valuable to the profession. We shall not comment further, other than to say no prejudice is shown.

The second error alleged is that the trial court erroneously instructed the jury on the defendant's defense of assumption of risk. Plaintiff does not argue with the instruction as such, but insists that there were no facts to justify the giving of the instruction. Plaintiff states that defendants plead assumption of risk on the part of plaintiff but that defendants failed to offer any evidence directed toward the allegation. Defendants answer that plaintiff has overlooked the fact that she claims the hallway in question was dark and unlighted, that she stepped up on the platform in question and that she knew she had so stepped. Defendants urge that it is self-evident that when anyone is in a dark and unfamiliar place as plaintiff claimed to be, it is sufficient evidence to raise a question of assumption of risk for the jury to decide. We agree with defendants that this raised an issue of fact for the jury to determine, but even if we did not, we fail to see in the light of the other instructions given where any prejudice resulted against plaintiff. (See Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917 (1962).

Specification of errors No. 3 and No. 5 are the giving of instructions No. 15 and No. 13.

Instruction No. 13 reads as follows:

"One of the defenses in this case asserted by the defendants is that the plaintiff was guilty of contributory negligence. Contributory negligence is an absolute defense which the defendants are entitled to raise against the claim of the plaintiff. If you find that the plaintiff was guilty of contributory negli-

144

gence which *contributed proximately* to the accident and injuries suffered, in such event, your verdict must be for the defendants and against the plaintiff. Contributory negligence is negligence on the part of the person injured which *cooperating in some degree* with the negligence of another *helps* in *proximately causing* the injury of which the plaintiff thereafter complains. One who is guilty of contributory negligence may not recover from another for the injuries suffered." Emphasis supplied.

Instruction No. 15 reads as follows:

"The issues to be determined by you in this case are these:

"FIRST, were the defendants negligent?

"SECOND, was the negligence of the defendants a proximate cause of any injury to the plaintiff?

"If you answer either of these questions in the negative you will return a verdict for the defendants. If you answer both of these questions in the affirmative, then you should find the answers to two additional questions namely,

"THIRD, was the plaintiff guilty of contributory negligence, and if so, was her negligence a proximate cause of the accident, and

"FOURTH, did the plaintiff assume the risk as defined in these instructions?

"If either of these two questions are answered in the affirmative your verdict must be for the defendants. If your answer to both of these questions is in the negative, then having found in the plaintiff's favor in answer to the first two questions, you should determine the amount of plaintiff's damages and return a verdict in the plaintiff's favor for that amount."

Plaintiff urges that the trial court committed reversible error by giving Instruction No. 13 on contributory negligence to the jury. Plaintiff contends that the instruction was not a correct statement of the law. Plaintiff objects to this part of the instruction: "Contributory negligence is negligence on the part of the person injured which *co-operating in some degree* with the negligence of another helps in proximately causing

the injury of which the plaintiff thereafter complains." Emphasis supplied.

We agree with plaintiff that this was not a correct statement of the law of contributory negligence. The trial court in defining the causal relationship used the words "co-operating in some degree" and "helps." This has never been the standard as plaintiff's negligence must directly relate to the injury, i.e., be the proximate cause thereof. The jury could well have concluded from the instruction that the negligence of plaintiff, if any, contributed remotely to the injury, and that therefore, plaintiff was guilty of contributory negligence. The use of the words "co-operating in some degree" and "helps" was not a proper standard as it must contribute immediately and as a proximate cause. (McCulloch v. Horton, 105 Mont. 531, 74 P.2d 1, 114 A.L.R. 823; Pilgeram v. Haas, 118 Mont. 431, 167 P.2d 339.)

A similar instruction was given in the case of Wolf v. O'Leary, Inc., 132 Mont. 468, 471, 318 P.2d 582, and was held prejudicial. The instruction was:

" 'Contributory negligence is such negligence on the part of LaRue Wolf as *helped* to produce the damages complained of, and if you find from a preponderance of the evidence in this case that LaRue Wolf was guilty of any act of negligence alleged in defendant's answer or as shown by the evidence that proximately caused or *contributed* to the damages complained of, then the plaintiff cannot recover in this action, and your verdict must be for the defendant, regardless of whether or not you find that the defendant was also guilty of negligence.' "

This court at 132 Mont. p. 473, 318 P.2d, p. 585, of the Wolf case, said:

"Looking now to the instruction upon which the plaintiff predicates error, we find that the district court in defining the causal relationship between the acts of plaintiff and the injury alleged utilized the words 'helping' and 'contributing.' This

was misleading and incorrect. In Pilgeram v. Haas, 118 Mont. 431, 167 P.2d 339, 349, this court said:

" 'In an action involving contributory negligence the court should soundly define it.'

"By utilizing the words 'helping' and 'contributing' the trial court mislead the jury into believing that these were criteria upon which they could predicate contributory negligence. This was manifestly incorrect as illustrated by the aforementioned authorities. 'Helping' and 'contributing' have never been the standard set down by this court upon which to base a causal relationship. We have always adhered to the strict formula of 'proximate cause.' No less formula will suffice to give the jury a correct instruction on contributory negligence. The plaintiff's fault does not affect her right of action, unless it *proximately* caused her injury. It must be a proximate cause, in the same sense in which the defendant's negligence must have been a proximate cause in order to give any right of action. Plaintiff's conduct must not only 'contribute' to the injury, but must 'contribute' *as a proximate cause*. Fulton v. Chouteau County Farmers' Co. [98 Mont. 48, 37 P.2d 1025], supra.

"By utilizing the words 'helping' and 'contributing' the trial court mislead the jury and failed to soundly define contributory negligence. For that reason the jury might very well have based their verdict on the standard set up by the trial court rather than upon the true standard of 'proximate cause.' Therefore the instruction as given was prejudicial to the plaintiff."

Support for plaintiff's position may also be found in McCulloch v. Horton, 105 Mont. 531, 545, 74 P.2d 1, 5, 114 A.L.R. 823, where this court held that the trial court properly *refused* to give an instruction, which, in part reads:

"* * * because under the law of this state if plaintiff was guilty of any negligence, *however slight,* that proximately contributed to the injuries he receives, he cannot recover by this action."

This court then quoted from 1 Thompson's Commentaries on the Law of Negligence, § 170, wherein it was said:

" '* * * if the negligence of the person killed or injured was the *remote or far-off* cause of the catastrophe, and that of the defendant was the proximate or near cause of it, the law permits the plaintiff to recover damages; and yet in such a case it cannot be said that the negligence of the person killed or injured did not, *in some degree,* contribute to produce the death or injury.' " (105 Mont. 531, 546, 74 P.2d 1, 6, 114 A.L.R. 823.)

The use of the words "co-operating in some degree" and "helps" in the instant case is analogous to the use of the words "however slight" in the McCulloch case, and to the use of the words "helped" and "contributing" in the Wolf case. We shall adhere to the decisions in the McCulloch case and the Wolf case. We hold that plaintiff was prejudiced by the trial court's giving of Instruction No. 13.

It is true that all the instructions must be read together and that all the law applicable to a given case cannot be given in one or two instructions. (Dimich v. Northern Pac. Ry., 136 Mont. 485, 348 P.2d 786; Hightower v. Alley, 132 Mont. 349, 318 P.2d 243.) But in this regard, plaintiff's position in the instant case is much stronger than it was in the Wolf case, supra, where the trial court gave more than one instruction on contributory negligence, one correctly defining contributory negligence but the other erroneously doing so. In the Wolf case this court said that, notwithstanding the fact that one of the instructions did correctly define contributory negligence, such an instruction did not correct the erroneous one. In the instant case, unlike the Wolf case, there is only one instruction defining contributory negligence for the jury, and it was erroneous. There was no other instruction to look to for guidance as the jury may have done in the Wolf case. If plaintiff was prejudiced in the Wolf case by having one erroneous instruction and one correct instruction on contributory negligence, plaintiff was surely prejudiced in the instant case where

148

only one instruction was given defining contributory negligence, it being erroneous and not a correct statement of the law.

Instruction No. 15, see supra, did state the issue of contributory negligence for the jury, but it did not define contributory negligence for the jury. It was not sufficient to correct the error in Instruction No. 13.

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.