DOUGLAS E. MURRAY *v.* JOHN HICKS.

No. 4477.

Sᴇᴘᴛᴇᴍʙᴇʀ 16, 1966.

Rɪᴄʜᴀʀᴅsᴏɴ, C.J., Cᴀssɪᴅʏ, Wɪʀᴛᴢ,
Lᴇᴡɪs ᴀɴᴅ Mɪᴢᴜʜᴀ, JJ.

OPINION OF THE COURT BY MIZUHA, J.

This is a suit for personal injuries sustained by plaintiff-appellant when he was struck by an automobile being backed, at night, by defendant-appellee out of a narrow driveway alongside the house in which plaintiff lived. At the time, plaintiff was sitting on a stoop adjacent to the driveway. He was straddling the corner of the stoop with his legs extended over or in close proximity to the edge of the driveway. Plaintiff seeks reversal of a judgment in favor of defendant entered upon a general verdict by the jury.

Plaintiff contends that the trial court erred in "submitting the issue of liability to the jury and in refusing to grant plaintiff's motion for a directed verdict when 'the uncontroverted evidence adduced at trial proved negligence as a matter of law' and 'freedom from contributory negligence.'" We do not agree. After a careful review

of the record we are satisfied that the evidence produced at trial created questions to be resolved by a jury on both issues—defendant's negligence and plaintiff's contributory negligence.

Plaintiff contends that the trial court erred in giving the following instructions:

"The Court instructs you that, in addition to denying that any negligence of the defendant proximately caused any injury to the plaintiff, the defendant alleges, as a defense, that contributory negligence on the part of the plaintiff was a proximate cause of any injuries which plaintiff may have sustained.

"Contributory negligence is fault on the part of a person injured which, cooperating in some degree with the negligence of another, helps in bringing about the injury.

"The burden is on a defendant alleging the defense of contributory negligence to establish, by a preponderance of the evidence in the case, the claim that the plaintiff was at fault and that such fault was a proximate cause of any injuries which plaintiff may have sustained." Court's Instruction No. 15.

"If you find from the evidence that the plaintiff was negligent in any respect and such negligence was a contributing factor in his injuries, the plaintiff cannot recover damages from the defendant." Defendant's Requested Instruction No. 9.

Plaintiff argues that the second paragraph of Court's Instruction No. 15 which explains that "Contributory negligence is fault on the part of a person injured, which *cooperating in some degree* with negligence of another, helps in bringing about the injury" is an incorrect statement of the law. (Emphasis added.) He argues that "* * * It is elementary that contributory negligence, if any, must be the proximate cause of the injury in order

to preclude recovery therefor. The jury could well have concluded from that instruction that any negligence on the part of plaintiff, however remote, would preclude recovery. The words 'helps' and 'in some degree' failed to properly restrict the rule. At best, that instruction was confusing and misleading." Plaintiff's Opening Brief, p. 6 citing *Wolf* v. *Barry O'Leary, Inc.,* 132 Mont. 468, 318 P.2d 582, and *Leichner* v. *Basile,* 144 Mont. 141, 394 P.2d 742. Plaintiff also contends that the statement in Defendant's requested Instruction No. 9 on contributory negligence "failed to set the proper standard of proximate cause."

We do not reach the merits of plaintiff's contentions of error. The specifications for both instructions fail to set forth the objections urged to the instructions at the trial as required by Rule 3(b)(4) of this court. "This in itself is sufficient grounds for refusing to consider the claimed error." *State* v. *Shon,* 47 Haw. 158, 169, 385 P.2d 830, 837; *State* v. *Arena,* 46 Haw. 315, 335, 379 P.2d 594, 606; *Kealoha* v. *Tanaka,* 45 Haw. 457, 462-63, 370 P.2d 468, 472.

Reference to the transcript at the point where the Court's Instruction No. 15 was received shows that the objection actually urged was as follows: "I object to contributory negligence." The objection does not satisfy the requirements of H.R.C.P., Rule 51(e).[1] "It is obviously too general to save the instruction for review." *State* v. *Shon, supra* at 169-70; *Crespo* v. *Fireman's Fund Indemnity Co.,* 318 F.2d 174, 175. Furthermore, after the jury had deliberated for several hours it returned to the courtroom for additional instructions. Appellant without

---

[1] "(e) INSTRUCTIONS AND OBJECTIONS. * * * No party may assign as error the giving or the refusal to give, or the modification of, an instruction, whether settled pursuant to subdivision (b) or subdivision (c) of this rule, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *." H.R.C.P., Rule 51(e).

reservation stipulated with the appellee to the court re-reading Court's Instruction No. 15 together with other instructions on contributory negligence and proximate cause, and apparently waived any previous objection he had to this instruction.

Defendant's Requested Instruction No. 9 was given to the jury after it had returned for additional instructions. Plaintiff's general objection to Defendant's Requested Instruction No. 9 does not meet the requirements of H.R.C.P., Rule 51(e). Plaintiff represented to this court during argument that at that hearing on additional instructions "I objected to that instruction [Defendant's Requested Instruction No. 9] on the ground that it was an erroneous statement of the law." On examination of plaintiff's motion for a partial judgment n.o.v. and, in the alternative, motion for new trial, we find the following: "d. It was error to give Court's Instruction No. 15, and defendant's instructions # * * * 9 on the grounds that the issue of contributory negligence was conclusively in plaintiff's favor as a matter of law." The clerk's minutes note that "the Court denied both motions, on the basis that defendant was guilty of contributory negligence." It is evident from the record before us that at the time plaintiff objected to Defendant's Requested Instruction No. 9, it was not on the basis that it "failed to get the proper standard of proximate cause" but on the basis that there was no evidence of contributory negligence as a matter of law as contended in the motion for a new trial.

We have carefully considered other specifications of error and find them without merit.

Affirmed.

*Stuart M. Cowan* (*Greenstein & Cowan* on the briefs) for plaintiff-appellant.

*Joseph Schneider* (*Anderson, Wrenn & Jenks* with him on the brief) for defendant-appellee.